WILLIAM WALLACE *v.* THE STATE.

CRIMINAL LAW. *Arraignment and issue.* It is no ground for reversal of a judgment of conviction that the jury were sworn to try the issue joined before the prisoner had been formally arraigned and pleaded.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. T. H. LOGWOOD, J.

L. B. HORRIGAN for Wallace.

Attorney-General LEA for The State.

McFARLAND, J., delivered the opinion of the Court.

This is an indictment and a conviction for stealing three one hundred dollar bills, the property of Lucy Beaty.

The first objection taken is that the jury was empanneled and sworn before the prisoner pleaded to the indictment. The bill of exceptions shows that after the jury were selected and sworn the Attorney-General announced that the defendant had not been arraigned and that he had not pleaded to the indictment, Thereupon. the defendant was in due form of law, for the first time, arraigned, and

pleaded not guilty. The jury were not sworn after the defendant pleaded not guilty.

The argument is, that at the time the jury were sworn there had been no issue formed, and therefore nothing to try, and the swearing was a nullity.

This view might be sustained, but it would be upon a very strict and literal construction of the law. In practice, a formal arraignment and plea is often dispensed with, and if a defendant should sit by and make no objection to the swearing of a jury to try him, upon the assumption that he had pleaded not guilty, it is doubtful if he should be heard to complain.

The case of *Link* v. *State*, 3 Heis., 252, relied upon, was where the defendant had been tried and convicted without any plea having been entered at any time during the progress of the trial. The Court, without any motion from the defendant, granted a new trial. Upon a second trial it was insisted that the former conviction was a bar. It was said that there having been no plea on the first trial, the verdict was not responsive to any issue, and the defendant had not been in jeopardy, and he was properly tried again.

In the present case, however, there was a plea of not guilty. The objection is that it was entered immediately after the jury was sworn, and not before. We think the objection too technical. The jury were sworn to try the issue, and although at that precise moment there was no issue, yet

immediately afterward the issue was joined and the oaths of the jurors were no doubt as binding upon their, consciences as if the issue had been previously formed. If a witness should give his deposition and be sworn to the truth of his testimony at the conclusion instead of at the commencement thereof, the oath no doubt would be binding, and perjury might be assigned upon it, and so we think the same rule may be applied to the present case, although it would be, no doubt, the better practice to have the jury sworn after the issue joined. Besides, the defendant in this case made no objection to the trial proceeding without the jury being re-sworn.

The second error assigned is that the defendant was, upon a former trial, acquitted of the same charge. The only difference being that in the former indictment the money was charged to be the property of Everett Harden. This was upon the assumption that said Harden was the husband of Lucy Beaty. If so, he was the owner of the money. If, however, Lucy Beaty was a single woman, then she was the owner, as charged in the present indictment. It appears that they had not been married at the time, but had been living together a number of year as husband and wife, and believed they were so, being colored people. It is argued that this constituted a common law marriage, but such marriages have never been recognized in this State. Besides, it appears that in the former trial it was decided that they were ton

lawfully married. Upon this holding of the Court on the former trial, it is probable the defendant could not be held to have been in jeopardy.

It is also objected that the verdict is not sustained by the testimony set out in the bill of exceptions. Without discussing it, however, we think it is.

Affirm the judgment.