Weaver v. The State.

No. 10,437.

### WEAVER v. THE STATE.

CRIMINAL LAW.—*Arraignment and Plea.*—*Necessary Preliminaries.*—*Verdict.*—*Jeopardy.*—Under sections 1762 and 1763, R. S. 1881, in a criminal cause, the arraignment of the defendant on an indictment or information, and the entry of his plea thereto, are necessary preliminaries to his legal trial, and to sustain a verdict of guilty, and until these preliminaries are done the defendant is not in legal jeopardy.

SAME.—*Refusal to Plead.*—*Practice.*—Where, on arraignment, the defendant refuses to plead to the indictment or information, it is the duty of the court, under section 1766, R. S. 1881, to enter a plea of not guilty in his behalf, and proceed with the trial.

SAME.—*Motion for New Trial.*—*Misconduct of Juror.*—*Weight of Evidence.*—Where, in the motion for a new trial in a criminal case, the misconduct of a juror is assigned as cause therefor, and affidavits and counter affidavits are filed in relation to such misconduct, it is competent for the court to determine the question upon the weight of the evidence, and the Supreme Court will not disturb the decision if there is any evidence tending to sustain it.

SAME.—*Conflicting Evidence.*—*Supreme Court.*—Where the question for decision is one of fact, depending upon conflicting evidence and the credibility of witnesses, the Supreme Court will not disturb the verdict of the jury.

From the Criminal Court of Allen County.

*S. M. Hench,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *W. S. O'Rourke,* for the State.

HOWK, J.—The indictment against the appellant, in this case, contained two counts. In the first count he was charged with an unlawful sale of intoxicating liquor to one William Trick, a person under the age of twenty-one years; and in the second count the charge was that he unlawfully gave away intoxicating liquor to the same minor.

The parties appeared, and, after a jury had been empanelled and sworn to try the cause, the court discovered that there had been no arraignment of the appellant, and that he had not pleaded to the indictment. Thereupon, by order of

the court, the appellant was, over his objection and exception, arraigned on the indictment and required to enter his plea thereto, and he refused to enter his plea to the indictment. Whereupon, by the further order of the court, a plea of not guilty was entered herein for said appellant, to which he excepted. The jury were then re-sworn to try the issues so joined, and a true verdict render according to the law and the evidence; to which the appellant objected and excepted. Afterwards the jury returned their verdict, finding the appellant guilty, as charged in the indictment, and assessing his fine; and, over his motion for a new trial and his exception saved, judgment was rendered on the verdict.

The first point made by the appellant's counsel which we are required to notice is "that the court below had no authority in law to arraign the defendant, or enter for him a plea of not guilty, after the jury was first empanelled and sworn to try the cause." It is shown by the record that the court discovered, after the jury had been empanelled and sworn to try the case, but before any evidence had been given to the jury by either of the parties, that the appellant had not been arraigned on the indictment, and had not entered his plea thereto. What was the duty of the court upon making this discovery? It was hardly incumbent on the court, after such discovery, to proceed with the trial of the cause without an issue; for, if such trial had resulted in the conviction of the appellant, his non-arraignment on the indictment and his failure to plead thereto would have constituted sufficient cause, not for his discharge from the indictment, but for a new trial. This point is thus settled by the decisions of this court. *McJunkins* v. *State,* 10 Ind. 140; *Graeter* v. *State,* 54 Ind. 159; *Tindall* v. *State,* 71 Ind. 314.

It seems to us, therefore, that it was the plain duty of the court, when it was discovered that the appellant had not been arraigned and had not entered his plea, to cause him to be arraigned and to require him to enter his plea to the indictment before proceeding with the trial of the cause. Any

other course than the one pursued by the court in this case would necessarily result in useless expense and a waste of time. While this is so, we can not see that the action of the court could possibly injure the appellant or deprive him of any legal right. It was error of the court to empanel and swear the jury for the trial of the cause before the arraignment of the appellant and the entry of his plea to the indictment. Upon the discovery of this error, before any evidence had been given, and, perhaps, at any time in the progress of the trial and before final judgment, it was competent for the court, we think, of its own motion or upon the motion of either party, to set aside the proceedings already had in the case, and to cause the arraignment of the appellant and to require him to enter his plea to the indictment. In such a case, and where such action of the court has been had, it can not be said that the appellant was put in jeopardy by the mere empanelling and swearing of the jury to try the case before the necessary steps had been taken, which were preliminary to any legal trial of the cause. Thus, in 1 Bishop's Crim. Law (5th ed.), section 1016, it is said: " But when, according to the better opinion, the jury, being full, is sworn, and added to the other branch of the court, and all the preliminary things of record are ready for the trial, the prisoner has reached the jeopardy from the repetition of which our constitutional rule protects him." Again, in section 1020 of the same volume, Mr. Bishop further says: " Not only must the tribunal be made complete by the impanelling of the jury, as already explained, in order to produce the legal jeopardy of which we are treating; but all other preliminary things of record necessary to sustain the verdict of guilty, if rendered, must be done." See, also, *Douglass* v. *State*, 3 Wis. 820, and *Davis* v. *State*, 38 Wis. 487, wherein it was held by the Supreme Court of Wisconsin that a verdict in a criminal case, where there had been neither an arraignment nor plea, was a nullity, and that no judgment could be rendered thereon.

Under the criminal code of this State (sections 1762 and

1763, R. S. 1881), the preliminary things necessary to sustain the verdict of guilty, if rendered, which ought to appear of record, are the arraignment of the defendant and the entry of his plea to the indictment. These preliminary things did not appear of record in this case at the time of the first empanelment and swearing of the jury to try the cause, and, therefore, it would seem that the appellant was not put in legal jeopardy thereby. We are of the opinion, for the reasons given, that there was no such error in the action of the court in this case in causing the arraignment of the appellant and in requiring him to plead to the indictment at the time and under the circumstances shown by the record, as requires this court to reverse the judgment below and remand the cause for a new trial.

It appears that upon his arraignment the appellant refused to plead to the indictment, and that the court thereupon caused a plea of not guilty to be entered of record in his behalf. This action of the court was fully authorized and required by the criminal code of this State, section 1766, R. S. 1881.

The court then, of its own motion, and over the appellant's objection, caused the same jury first empanelled and sworn in this case, to be re-sworn for the trial of this cause, and to this action of the court the appellant objected and excepted. The record fails to show that the appellant pointed out to the trial court any objection to the jury, or to any juror, or that he challenged, or offered to challenge, either peremptorily or for cause, any juror of the jury. We can not say from the record of this cause, that the court erred in overruling the appellant's objection to the re-swearing of the jury for the trial of this cause, and, therefore, we are bound to say that no such error was committed.

One of the causes assigned for a new trial in appellant's motion therefor was the alleged misconduct of one of the jurors who tried the cause, in this: That after the jury had

retired to consider of their verdict the said juror stated, in the presence and hearing of the jury, that he was acquainted with two of the appellant's witnesses on the trial, naming them, and " that they were bummers, and not worthy of belief." This cause for a new trial was supported by the appellant's affidavit. The State filed the counter affidavit of the juror in question, in which he swore that he did not make such statement to the jury, and also the counter affidavit of six other jurors, to the effect that they did not hear the said juror make such statement, and " that nothing of like import was said by said juror." In determining the question of the alleged misconduct of the juror named it was competent for the court below to weigh the evidence in the conflicting affidavits, as in the trial of civil cases. Manifestly, the criminal court found that the juror named was not guilty of the alleged misconduct, and, upon this point, we can not disturb the finding upon the weight of the evidence. *Holloway* v. *State*, 53 Ind. 554.

Upon the question of the appellant's guilt of the offence charged in the indictment, there is much apparent conflict in the evidence, as it appears in the record; but the question was one of fact and of the credibility of the witnesses, peculiarly within the province of the jury and of the trial court. It is manifest that the jury believed the evidence of the State, and did not believe that of the appellant's witnesses, and their verdict met the approval of the learned judge of the trial court, who heard the evidence of all the witnesses. In such a case, it can hardly be supposed that we, as an appellate court, could or ought to disturb the verdict of the jury.

We find no error in the record which would authorize the reversal of the judgment.

The judgment is affirmed, with costs.