SHAW v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 20, 1908.)

No. 1,818.

1. Post Office (§ 48*)—Offenses Against Postal Laws—Embezzlement of Letter by Employé—Indictment.

    The provisions of Rev. St. § 5467 (U. S. Comp. St. 1901, p. 3691), making it a criminal offense for an employé in the postal service to embezzle a letter, necessarily implies that the letter must have come into his possession in his official character; and an indictment thereunder which fails to allege such fact is fatally defective.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 77; Dec. Dig. § 48.*]

2. Indictment and Information (§ 75*)—Sufficiency of Accusation—"Then and There."

    The words "then and there" as used in an indictment merely bring forward prior averments of date and venue, and do not otherwise enlarge the description of the offense.

    [Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 75.*

    For other definitions, see Words and Phrases, vol. 8, pp. 6946–6948, 7815.]

In Error to the District Court of the United States for the Western District of Kentucky.

W. M. Smith, for plaintiff in error.
George Du Relle, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The indictment in this case charged the respondent Shaw, in three counts, with having violated the pro-

visions of section 5467 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3691). The first count was founded upon the first clause of that section, and charged him with having, while he was employed by the United States as a railway postal clerk, feloniously secreted and embezzled a certain letter containing articles of value. The second count need not be stated, as the respondent was found not guilty as to that. The third count was founded upon the second clause of the statute, and charged the respondent with having stolen articles of value from a letter which had come into his possession while in such employment. The respondent was convicted by the verdict of the jury upon the first and third counts. But the District Attorney waived judgment upon the third count, and the court thereupon proceeded to pass sentence upon the first count, and the sentence was that the respondent be imprisoned at hard labor in the penitentiary for a year and a day. We shall therefore take notice of the first count only, and the proceedings on the trial.

The particulars of the charge made in the first count were that the respondent was at a time stated employed by the United States as a railway postal clerk, at Louisville, Ky., "and did then and there unlawfully and feloniously secrete and embezzle a certain letter which had then and there come into his possession, and was then and there intended to be conveyed by mail of the United States, and which then and there contained articles of value, to wit, twelve dollars in money of the United States." The respondent filed a general demurrer that the count did not "state facts sufficient to constitute any offense against the laws of the United States." The demurrer was overruled, and the respondent excepted.

It is urged that this count of the indictment is bad in that it fails to charge with sufficient legal certainty that the letter came into the respondent's possession by reason, or because of, his employment in the postal service; and we think that upon demurrer it should have been so held. It is a necessary implication of the statute that the letter should have come to the carrier in his official character. It is only a matter of inference, and not of necessary consequence, that it came into his possession as a postal carrier. It may have been delivered to him as a mere private person to be taken to the post office, or picked up by him on the street and was being taken to the post office, or perhaps to be returned to the sender whose name and address were on the envelope; and other not extraordinary circumstances may have attended his coming into the possession of the letter as a private individual. His possession acquired in any of these ways would be sufficient to meet the allegation of the indictment in this particular, and yet there would be no violation of the statute. The statement that the act was done "then and there" is nothing more than an allegation of time and place, and brings forward into the context a repetition of what had already been stated as the date and venue of his employment. United States v. Cook, 17 Wall. 174, 21 L. Ed. 538; United States v. Cruikshank, 92 U. S. 542, 558, 23 L. Ed. 588; United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135.

But the District Attorney argues that this uncertainty may be help-

ed out by the words in the second clause of the section describing' another offense, that of stealing a letter "which shall have come into his possession, either in the regular course of his official duties, or in any other manner whatever." The suggestion is that the words "in any other manner whatever" may be carried back and inserted (for interpretation) into the description of the offense defined in the first clause of the statute. But we think this would be an inexcusable license in the construction of penal statutes. If any inference were permissible, it would be that the addition of the comprehensive words in the second clause were added for the purpose of including cases which would not be included by the previous language in that clause, which were the same as those used in the first clause, a wholly unnecessary proceeding if the previous language was supposed by Congress to be broad enough to include all manner of possession. The substantial difference in the language creating the different offenses is significant, and points undeniably, as we think, to the interpretation of the language used to constitute the offense attempted to be charged in the first count of this indictment. It has been settled that upon the proper construction of this section of the statute—and it seems to us the obvious meaning—each clause defines a separate offense, and the whole is to be read as if the word "or" were inserted at the beginning of the second clause, and the same penalty is denounced for the violation of either. United States v. Lacher, 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080; Hall v. United States, 168 U. S. 632, 18 Sup. Ct. 237, 42 L. Ed. 607.

Our conclusion being that the indictment is bad in respect to a material averment, there is no occasion to consider the other assignments of error.

The judgment is reversed, with direction to sustain the demurrer and enter judgment dismissing the proceeding.