[No. 1254, February 28, 1910.]

UNITED STATES OF AMERICA, Appellee, v. JACOB M. AURANDT, Appellant.

### SYLLABUS (BY THE COURT.)

1. Arraignment and a plea are elements necessary to a valid trial of one charged with crime.

2. Such arraignment and plea must precede the empaneling and swearing of the jury as until plea there is no issue for the jury to try.

U. S. v. Aurandt.

3. If, after the trial is commenced, it be discovered that there has been no arraignment or plea, it is the duty of the trial court to begin the trial anew.

4. This last includes not only the retaking of any testimony but the re-empaneling and the re-swearing of the jury.

5. In a prosecution under U. S. Rev. St. Sec. 5467, an indictment is fatally defective which fails to show that the letter embezzled came into the possession of the defendant officially, that is to say, as an employe of the postal service. Shaw v. United States, 165 Fed. 174, followed.

6. While it is permissible under certain circumstances to allege elements of description as unknown to the grand jury, recourse to this method of pleading is justifiable only on grounds of a reasonable necessity.

7. The allegation in the present case that the embezzled letter contained "an article of value" a more definite description of which "being to grand jurors unknown" considered in the light of the record; and doubted, but not decided, whether the allegation was sufficient under the rule last mentioned.

8. The defendant is placed in jeopardy when after issue joined upon a valid indictment before a competent court the jury is empaneled and sworn to try his cause.

9. In so far as a different rule is countenanced by the statute of this Territory (C. L. Sec. 2423) providing that "a nolle prosequi cannot be entered after any testimony has been introduced for the defendant," such statute is unconstitutional and void.

10. Relatively to a given charge there is, however, no former jeopardy where the testimony necessary to sustain the latter charge would not be admissible to sustain the former.

11. The present record examined in the light of the rule last stated and held that the defendant's plea of autrefois acquit was not well taken.

U. S. v. Aurandt.

Appeal from the First Judicial District Court before JOHN R. McFIE, Associate Justice. Reversed and remanded.

A. B. RENEHAN for Appellant.

In prosecution under 5 Fed. Stats. Ann., sec. 5467, p. 959, the indictment should describe the valuable content of the packet according to its nature under one of the appropriate classifications in the Statute. Rosencrans v. United States, 165 U. S. 257; United States v. Eliason, 18 D. C. 104; United States v. Clark, Crabbe 584; United States v. Patterson, 6 McLean 466; Jones v. United States, 27 Fed. 447; U. S. v. Keen, 1 McLean 439; U. S. v. Lancaster, 2 McLean 435; Jones v. U. S., 27 Fed. 447.

The offense charged in the first indictment was substantially identical with that sought to be proved in the second trial. The plea of *autre fois acquit* should have been sustained. Hans Neilson, Petitioner, 131 U. S. 188; People v. Hughes, 41 Cal. 236; 17 Enc. Law, 2 ed. 595, 597, 598; State v. Moore, 66 Mo. 372; ex parte Lange, 18 Wall. 168, 169.

After the jury are empanelled and sworn the prosecuting attorney has no right to enter a *nolle prosequi*, because the evidence is not sufficient to convict, and such abandonment is equivalent to a verdict of acquittal. Cooley Const. Limitations, pp. 467, 468; United States v. Shoemaker, 2 McLean 114; ex parte Ulrich, 42 Fed. 587; United States v. Moses, 84 Fed. 329, approving ex parte Ulrich; ex parte Glenn, 111 Fed. 247, 261.

Confusing and inaccurate statements of the law may be error. 1 Bish. Crim. Proc., sec. 978, p. 602 and sec. 980, p. 605, and sec. 980 a, p. 608; 11 Enc. Pl. & Pr., pp. 153, 156, 158, 159.

The jury should have been sworn after the arraignment. 1 Bish. Crim. Proc., sec. 946; 17 Enc. Law, 2 ed. 1115, 1139, 1140, 1145-1147; Commonwealth v. Knapp, 9 Pick. 496; Keech v. State, 15 Fla. 59; Jefferson v. State, 52 Miss. 767; Babcock v. People, 15 Hun. 347.

Vital or essential facts cannot be omitted on the

ground that they are unknown, and especially where the
government had the necessary facts in hand. State v. Fer-
riss, 3 Lea, Tenn. 703; Commonwealth v. Noble, 165
Mass. 15; Horan v. State, 24 Texas 161; United States
v. Moore, 60 Fed. 739.

The averment "article of value" is a mere conclusion,
not a fact, and such conclusions are vicious. 10 Ency. Pl.
& Pr., pp. 473, 474, and cases cited; United States v.
Mann, 95 U. S. 586; 1 Fed. Stats. Ann., p. LXVII et seq.

D. J. LEAHY, U. S. District Attorney; STEPHEN B.
DAVIS, Jr., Assistant U. S. Attorney, for Appellee.

The description in the indictment was sufficient.
Rosen v. U. S., 161 U. S. 29; U. S. v. Rosecrans, 165 U.
S. 257; R. S., sec. 5467.

Acquittal because of a variance between the charge
made and the evidence given is no bar to a new prosecu-
tion. 12 Cyc. 280; Campbell v. People, 109 Ill. 565;
Spears v. People, 220 Ill. 72, 4 L. R. A., N. S. 402; 1
McLain Criminal Law, 592, and cases cited; 1 Greenleaf
on Evidence, par. 65; U. S. v. Denicke, 35 Fed. 407; State
v. Fleshman, 40 W. Va. 726; Browne v. People, 66 Ill.
344; State v. Jackson, 30 Me. 29; Morgan v. State, 61
Ind. 447; People v. McNealy, 17 Cal. 334; Dill v. People,
19 Colo. 469, 36 Pac. 229; State v. Ammons, 3 Murph.
123; Burress v. Com., 68 Va. 934; State v. Revels, 44 N.
C. 200; State v. Stebbins, 29 Conn. 463; State v. Sullivan,
24 Pac. 23; People v. Hughes, 41 Cal. 234; Swindel v.
State, 32 Texas 102; Simms v. State, 66 Miss. 33, 5 So.
525.

"No indictment found and presented by a grand jury
in any district or circuit court of the United States shall
be deemed insufficient, nor shall the trial, judgment, or
other proceeding thereon be affected by reason of any de-
fect or imperfection in matter of form only, which shall
not tend to the prejudice of the defendant." R. S., sec.
1025; Smith v. State, 1 Tex. App. 408; Morris v. State,
30 Tex. App. 95, 16 S. W. 757; McGrew v. State, 31 Tex.
C. R. 336, 20 S. W. 740; Wallace v. State, 72 Tenn. 309;

Reardon v. Smith, 36 Ill. 204; U. S. v. Malloy, 31 Fed. 19; State v. Cassady, 12 Kan. 550.

The facts are stated in the opinion.

### OPINION OF THE COURT.

POPE, J.—On March 10, 1906, Aurandt, the appellant was indicted for embezzling a letter containing an article of value, in violation of U. S. R. S. 5467. He was found guilty on March 11, 1908, and after motions for new trial and in arrest was sentenced to imprisonment in the territorial penitentiary for one year. He thereupon appealed to this court.

The first ground of error proceeds upon the following statement of facts. During the cross examination of the first witness for the government it was discovered that the defendant had never been arraigned. Thereupon arraignment was had and a plea of not guilty entered. This having been done his counsel demanded "a new jury" and claimed that he was entitled to "a jury selected and sworn" since the making up of the issues. This contention was overruled, the testimony of the first witness retaken and the trial continued to its conclusion. The jury was not resworn, however, after the arraignment and plea. Was this an irregularity and if so, is it fatal to the present record? That there must be an arraignment and plea to constitute a valid criminal trial is elementary. The first is necessary to fix the identity of the accused, to inform him of the charge and to give him an opportunity to plead. The second is necessary to make the issue for trial. As was said by this court, speaking through Mr. Justice Abbott, in Territory v. Gonzales, 13 N. M. 97:

"It is essential to a valid trial that in some way there should be an issue between the Territory and the appellant and without a plea, in the absence of the statutory provisions to the contrary, there could be no issue."

This is but a reiteration of the views of the federal Supreme Court in Crain v. United States, 162 U. S. 625, where in remanding a cause because the record failed to show an arraignment and plea it is pointed out that "safety

lies in adhering to established modes of procedure. devised for the security of life and liberty."

The necessity of a plea to the validity of the trial is illustrated by the authorities to the effect that no jeopardy attaches until an issue has been made by plea. 12 Cyc. 268; Dismey v. Comm., Ky., 5 S. W. 360; Yerger v. State, Tex., 41 S. W. 621; Weaver v. State, 83 Ind. 289; 1 Bish. New Crim. Law, sec. 1029a.

All this is not controverted by the government, but it is insisted that the present question is different. Here the defendant was arraigned and pleaded not guilty and it is contended that the fact that the jury may have been sworn in advance of the plea and not again after, it makes the irregularity one at most, of form. The authorities, however, do not so regard it. There being no issue for trial before the plea, to swear the jury to try the cause before such plea is to obligate it to a duty not yet known, for of course in advance of plea it cannot be known whether the plea will be one of not guilty, of former acquittal or some other of the several pleas available to defendants. Reference to the books will demonstrate how clearly it is held that to swear the jury before plea is a fatal irregularity. Thus, in the Crain case it is pointed out that "a plea to the indictment is necessary before the trial can be properly commenced" and that "until the accused pleads to the indictment and thereby indicates the issue submitted by him for trial there is nothing for the jury to try."

In State v. Ulger Cheiner, 32 La. Ann. 103, 104, cited with approval in the Crain case, the accused was, after the trial commenced, by order of court arraigned and his plea taken. The trial then proceeded under the direction of the court. The Supreme Court of that state said: "We cannot sanction such a departure from ancient landmarks in criminal procedure. The prisoner must be arraigned and must plead to the indictment before the case can be set down for trial or tried." In the leading case of State v. Hughes, 1 Ala. 655, 657, it was said: "This proceeding cannot be sustained without a wide departure from established usage. * * * The idea of selecting and swearing a

jury to try a case which in its progressive steps has not reached the stage where it is triable, is a perfect anomaly. The oath administered to the jury related to the present time and cannot authorize them to try a case which is afterwards placed in a condition for trial." To the same effect are Dixon v. State, 13 Fla. 631; State v. Montgomery, 63 Mo. 296; Weaver v. State, 83 Ind. 289; Parkinson v. People, 135 Ill. 401, 10 L. R. A. 91; Dansby v. U. S., 51 S. W. 1085, and cases cited; Browning v. State, 54 Neb. 204.

We shall now notice the cases cited by the appellee to sustain the position that the irregularity was merely formal. In U. S. v. Malloy, 31 Fed. 19, it was held that the absence of arraignment and plea in a case where the defendant, without objection to such absence, went to trial and testified that he was not guilty, was within the provision of Section 1025, Rev. St. U. S., providing that no trial shall be affected "by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." This case, however, decided in 1887, must be deemed overruled by the Crain case decided in 1896 in which latter case it is in terms held that the omission is not a matter of form only, which is cured by U. S. Rev. Stat., Sec. 1025, but is a matter of substance in the administration of the criminal law, involving the substantial rights of the accused. Certain cases are also cited from Texas, Smith v. State, 1 Tex. App. 408; Morris v. State, 30 Tex. App. 95; McGrew v. State, 31 Tex. Crim. R. 336, which in effect hold that the order in which the oath is taken by a jury, whether before or after plea, is immaterial. A Tennessee case, Wallace v. State, 72 Tenn. 309, is cited to the same effect. We are of opinion, however, that these decisions are contrary to the clear weight of state authority and against the reasoning employed in controlling federal authority. We think therefore, that the court erred in requiring the cause to proceed, after arraignment and plea, without giving the parties anew the opportunity of selecting the jury and without having the jury resworn.

This brings us to the next question presented by the record, which deals with the validity of the indictment.

A demurrer seasonably interposed proceeded upon the general ground that no offense was stated against any law of the United States and there was a further objection that the indictment failed to describe "any article of value" within Sec. 5467 and failed by its averments to apprise the defendant of what he had to meet. Omitting the formal portions, the indictment is as follows:

"That Jacob M. Aurandt, late of the First Judicial District, in the Territory of New Mexico, on the eighteenth day of March in the year of our Lord 1904, at the First Judicial District aforesaid, and within the jurisdiction of said court: Being then and there a person employed in a department of the postal service of the said United States to-wit, a postmaster of and for the postoffice of the said United States at Santa Cruz in said First Judicial District, feloniously did secrete and embezzle a certain letter and packet which then and there came into his possession, and contained an article of value, and was intended to be conveyed by mail, that is to say, a certain letter and packet then and there directed to Jose Maria Martin, at Chimayo, in the Territory of New Mexico, a more definite description of the said article of value so then and there contained in the said letter, being to the said grand jurors unknown, and the said letter and packet not having then been delivered to the person to whom it was so directed."

After a careful consideration of its terms, we deem this indictment subject to the demurrer for the reason that while alleging that the letter in question came into the possession of the defendant it fails to set out that it came into and was in his possession officially. Without such allegation the case was not brought within the statute. We find this matter treated in a recent decision of the Circuit Court of Appeals for the Sixth Circuit, Shaw v. U. S., 165 Fed. 174. In that case the person indicted was a railway postal clerk and the allegations of the indictment were practically the same as here. We quote from that decision as follows:

"It is urged that this count of the indictment is bad in that it fails to charge with sufficient legal certainty

that the letter came into the respondent's possession by reason of, or because of, his employment in the postal service; and we think that upon demurrer it should have been so held. It is a necessary implication of the statute that the letter should have come to the carrier in his official character. It is only a matter of inference, and not of necessary consequence, that it came into his possession as a postal carrier. It may have been delivered to him as a mere private person to be taken to the postoffice, or picked up by him on the street and was being taken to the postoffice, or perhaps to be returned to the sender whose name and address were on the envelope; and other not extraordinary circumstances may have attended his coming into the possession of the letter as a private individual. His possession acquired in any of these ways would be sufficient to meet the allegation of the indictment in this particular, and yet there would be no violation of the statute." The opinion was rendered by Circuit Judge Severens and concurred in by Mr. Justice Lurton and Circuit Judge Richards. We accept the views there expressed as conclusive of the present case. We may add that the proper form of an indictment covering this point under Sec. 5467 is shown in Wright's Case, 134 U. S. 136.

Further complaint is made upon demurrer that the indictment was insufficient in its averments descriptive of the article of value alleged to have been contained in the letter stolen. We deem this complaint not without force. That the stolen letter contained an article of value was a material element of the charge, under R. S. 5467. This section covers a higher grade of offense denounced by R. S. 3891, which latter penalizes the simple taking of a letter without contents of value. Being a material element of the crime the defendant was entitled to know what the article of value was. The indictment alleging it simply to have been "an article of value" attempts to excuse further amplification upon this conclusion of law by the allegation "a more definite description of said article of value * * * being to the said grand jurors unknown." We concur with counsel for appellant in his view that knowledge by the grand jury that the contained article was one "of

value" necessarily showed greater knowledge of the article than the indictment discloses. It is hardly conceivable that the grand jury knew the article to be one "of value" and yet was unable to describe it further. We are impressed that the defendant should have had the benefit of that knowledge. Neither do we not overlook, in this connection, the fact shown by the record that the war settlement warrant, which it ultimately appeared by photographic copy on the last trial was the article of value in question, was at the date of the finding of the indictment in the hands of officers of the government and subject to the inspection of the grand jury upon the proper process. While the allegation that further particulars of a transaction are unknown is permissible in indictments under certain conditions and serves a useful purpose in preventing variances, it must not be overlooked that its use proceeds purely upon grounds of necessity. With the ceasing of the necessity ceases the rule. It should not be so used as to withhold unnecessarily from defendants information which in their proper defense they should have. Bishop's New Crim. Proc. 549; State v. Stowe, 132 Mo. 199, 209; Blodger v. State, 3 Ind. 403; Cheek v. State, 38 Ala. 227; Hill v. State, 78 Ala. 1; Jarasco v. State, 6 Tex. App. 242; State v. Ferriss, 3 Lia, Tenn., 703. We find it unnecessary, however, to place our ruling as to the demurrer upon this last ground, since with the facts fully disclosed by the last trial before any future grand jury a further indictment will doubtless specifically describe the article contained in the letter.

A further assignment of error arises out of the court's ruling directing the jury to find against defendant's plea of former acquittal. The facts developed by that plea are briefly stated. At the September term, 1905, an indictment was found against defendant identical with that at bar with one exception. In describing the contents of the letter, instead of stating it, as in the last indictment, to be an article of value with further description unknown, it is set up as being "a certain draft then still unpaid for the sum and of the value of thirty-one dollars." The case upon that indictment came on for trial in March, 1906.

After the jury had been sworn and part of the testimony for the prosecution taken, the United States attorney by leave of the court but over defendant's objection, entered a *nolle prosequi*. The present indictment was returned within a day or two thereafter. Upon the trial of the plea in abatement it was disclosed that the article of value relied upon by the prosecution was not a draft for thirty-one dollars, but a war settlement warrant for thirty-one dollars and fifty-seven cents. The question presented is whether the facts just recited made a case of former jeopardy. The law we deem to be clear that jeopardy upon a given charge has resulted when upon a valid indictment and issue joined before a competent court the jury has been empanelled and sworn to try defendant's guilt or innocence. 12 Cyc. 261 and cases cited; 1 Bish. New Crim. Law, Sec. 1014; Pizano v. State, 20 Tex. App. 139 and cases cited. It follows, therefore, that the dismissal of the case in the manner disclosed—after the jury had been sworn and some testimony taken—was tantamount to an acquittal upon the charge made by the indictment. 12 Cyc. 269 and cases cited; Williams v. State, 42 Ark. 35; Williams v. Com., 78 Ky. 93; State v. Richardson, 47 S. C. 166, 35 L. R. A. 238; State v. Collendine, 8 Ia. 288.

The fact that our Territorial Statute [C. L. Sec. 3423] provides that "a *nolle prosequi* cannot be entered after any testimony has been introduced for the defendant"—does not affect the case. Assuming that statute to be a legislative attempt to give the right to dismiss at any time before the defendant offers proof, it is in violation of fundamental law and void. Williams v. Com., 78 Ky. 93. It is, of course, not within the power of the legislature to take away from the citizen the constitutional guarantee of immunity from second jeopardy by any such provision as this. The question remains, however, whether construing, as we must, the dismissal as an acquittal, there was former jeopardy upon the particular charge made in the present case. The test by which prior jeopardy is determined is variously stated. We find no fault with the rule as stated by appellant's counsel to the

effect that the proper test is "whether the facts required to support the second indictment would have been sufficient if proved to have procured a conviction under the first indictment." This is stated in another form by Judge Cooley in his Constitutional Limitations, p. 328: "If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained then the jeopardy which attached in the first must constitute a protection against a trial on the second." Applying this principle the conviction of the defendant was upon proof that the article of value was a war settlement warrant for $31.57. This proof diverged from the allegation of the first indictment in that there the article was alleged to be a draft for $31.00. If offered in the first case the proof in the second case could not have been received. The defendant was therefore in legal contemplation not tried the second time upon the case alleged against him in the first instance. A second indictment framed specifically, as we have hereinbefore indicated, should have been done, would have disclosed the variance and the absence of jeopardy. As it is, we look to the proof in elucidation of the description and find that there were in law two articles of value and that a trial upon an indictment involving one was not second jeopardy by reason of the fact that the party had been previously acquitted upon the other. As was said in Dill v. People, 19 Colo. 469, 36 Pac. 229: "The affidavits set out in the indictments respectively were variant in description. The variance was material. The allegations of the two indictments clearly indicate two different affidavits though in fact there may have been but one. Each of the affidavits bears a single date. That date cannot be both November 28 and November 29. Therefore, the affidavit particularly described in the second indictment was not admissible under the first. * * * The court did not err in sustaining the demurrer to the plea of *autrefois acquit*."

We consider this case within the principles just quoted and within the well recognized rule in cases of this kind that the plea will not lie where there is a material variance,

so that proof of the material facts charged in the second indictment would not have been admissible to secure a conviction under the first. 12 Cyc. 266; 17 A. & E. Enc. of Law, 2 ed. 598; State v. Revels, 44 N. C. 200.

While holding that there is no constitutional barrier against further prosecution, we are constrained upon the other grounds discussed to reverse and remand the cause, with directions to quash the indictment, and it is so ordered.

Alford W. Cooley, A. J., concurred in the result.

M. C. Mechem, A. J., who did not hear the argument, did not participate.