## HALL *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 312. Argued November 29, 1897. — Decided January 3, 1898.

The defendant, who was employed as a postal clerk at station F in the city of New York, was indicted under Rev. Stat. § 5467. The indictment contained three counts; the first two under the first part of § 5467; the third count under the last clause of that section. The evidence showed that the Government detectives prepared a special delivery letter, designed as a test or decoy letter, containing marked bills, and delivered it, bearing a special delivery stamp, to the night clerk in charge of branch station F of the post office in this city. The defendant was not a letter carrier, but a clerk employed at that office, whose duty it was to take charge of special delivery letters, enter them in a book kept for that purpose and then place them in course of transmission. The letter in question was addressed to Mrs. Susan Metcalf, a fictitious person, 346 E. 24th street, New York city, fictitious number. The letter was placed by the night clerk with other letters upon the table where such letters were usually placed, and the defendant, entering the office not long after, took this letter, along with the others on the same table, removed them to his desk, and properly entered the other letters, but did not enter this letter. On leaving the office not long after, the omission to enter the letter having been observed, he was arrested, and the money contents of the letter, marked and identified by the officers, were found upon his person. The officers testified upon cross-examination that the address was a fictitious one; that the letter was designed as a test letter,

and that they did not intend that the letter should be delivered to Mrs. Susan Metcalf or to that address and that it could not be delivered to that person at that address. *Held,* that the evidence was sufficient to sustain a conviction under the third count of the indictment.

THE case is stated in the opinion.

*Mr. Arthur C. Butts* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The defendant was indicted in the Circuit Court of the United States for the Southern District of New York in October, 1896, for embezzling and stealing a certain letter and its contents, described in the indictment, containing money. The indictment was under section 5467, Revised Statutes, which is set out in the margin.[1] The defendant was employed in a department of the postal service as a clerk at

---

[1] SEC. 5467. Any person employed in any department of the postal service who shall secrete, embezzle or destroy any letter, packet, bag or mail of letters entrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail carrier, mail messenger, route agent, letter carrier or other person employed in any department of the postal service, or forwarded through or delivered from any post office or branch post office established by authority of the Postmaster General, and which shall contain any note, bond, draft, check, warrant, revenue stamp, postage stamp, stamped envelope, postal card, money order, certificate of stock or other pecuniary obligation or security of the Government, or of any officer or fiscal agent thereof, of any description whatever; any bank note, bank post bill, bill of exchange or note of assignment of stock in the funds; any letter of attorney for receiving annuities or dividends, selling stock in the funds, or collecting the interest thereof ; any letter of credit, note, bond, warrant, draft, bill, promissory note, covenant, contract or agreement whatsoever, for or relating to the payment of money, or the delivery of any article of value, or the performance of any act, matter or thing; any receipt, release, acquittance or discharge of or from any debt, covenant or demand, or any part thereof; any copy of the record of any judgment or decree in any court of law or chancery, or any execution which may have issued thereon; any copy of any other record, or any other article of value, or writing representing the same; any such person who shall steal or take any of the things aforesaid out of

station F, a branch post office of the United States in the city of New York.

The indictment contained three counts. The first and second counts charged that the defendant wilfully embezzled, etc., the letter, which was intended to be delivered by a letter carrier. These counts were drawn with reference to the first clause in the statute above referred to. The third count is under the second clause of the statute, and alleged that the defendant, " being then and there employed in a department of the postal service of the United States, to wit, as clerk at station F, a branch post office of the United States, in the said city of New York, did unlawfully, wilfully and feloniously steal, take and carry away a certain United States Treasury note of the denomination and value of one dollar, and three silver certificates of the United States, each of the denomination and value of one dollar, the said treasury note and the said silver certificates then and there being the money and property of one Joseph E. Jacobs, and the same treasury note and the same silver certificates were then and there feloniously stolen and taken, as aforesaid, by the said William R. Hall from and out of a certain letter which then and there had come into his possession in his capacity as such clerk, as aforesaid, and by virtue of his said office and employment, and the said letter was directed in the tenor following — that is to say : ' Mrs. Susan Metcalf, No. 346 E. 24th St., New York City, N. Y.,' *and the same was then intended to be delivered by a letter carrier*, and had not then been delivered to the party to whom the same was directed," against, etc.

The defendant was arraigned, pleaded not guilty and was subsequently tried at a term of the United States Circuit Court for the Southern District of New York, and convicted and sentenced to imprisonment at hard labor in the Kings County penitentiary for the term of two years.

---

any letter, packet, bag or mail of letters which shall have come into his possession, either in the regular course of his official duties or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor for not less than one year nor more than five years.

Upon the trial, after the evidence had been given on the part of the prosecution and the Government had rested its case, the counsel for the defendant asked the court to direct the jury to acquit the defendant upon several grounds, (1) that the evidence failed to prove the crime charged in the indictment; (2) that a material allegation to be proved by the Government was the fact that the letter, described in the indictment and alleged to have been secreted, destroyed and embezzled and its contents stolen by the defendant, was intended to be delivered by a letter carrier, while the uncontradicted evidence showed that such letter was not intended to be delivered by a letter carrier, and therefore a material allegation in the indictment was not only not proved but was absolutely disproved; (3) that there was a fatal variance between the indictment and the proofs offered to sustain it by the Government, and the defendant should therefore be acquitted.

The motion to direct an acquittal was denied by the court and the defendant duly excepted. The defendant sued out a writ of error from this court to review the judgment of conviction, and the validity of the exception to the refusal of the court to direct the jury to acquit is the sole question now before us.

After his conviction the defendant moved in arrest of judgment and for a new trial. The judgment was arrested on the first two counts, and the motion for a new trial was denied. We take a statement of the facts proved upon the trial, from the opinion delivered by the learned judge in denying that motion, as we think the statement contains all that is material for the consideration of the case, and that it is a correct summary of the evidence in the particulars mentioned. It is as follows:

" The evidence showed that the Government detectives prepared a special delivery letter, designed as a test or decoy letter, containing marked bills and delivered it, bearing a special delivery stamp, to the night clerk in charge of branch station F of the post office in this city. The defendant was not a letter carrier, but a clerk employed at that office, whose duty it was to take charge of special delivery letters, enter

them in a book kept for that purpose, and then place them in course of transmission. The letter in question was addressed to Mrs. Susan Metcalf, a fictitious person, 346 E. 24th street, New York city, a fictitious number. The letter was placed by the night clerk with other letters upon the table where such letters were usually placed, and the defendant, entering the office not long after, took this letter, along with the others on the same table, removed them to his desk and properly entered the other letters, but did not enter this letter. On leaving the office not long after, the omission to enter the letter having been observed, he was arrested and the money contents of the letter, marked and identified by the officers, were found upon his person. The officers testified upon cross-examination that the address was a fictitious one; that the letter was designed as a test letter, and that they ' did not intend that the letter should be delivered to Mrs. Susan Metcalf or to that address,' and that ' it could not be delivered to that person at that address.' "

The question now before us is whether the evidence is sufficient to sustain this conviction under the third count of the indictment. We think it is. Section 5467, Revised Statutes, describes two distinct offences; the first clause of the section is directed against any person employed in any department of the postal service who secretes, embezzles, etc., any letter entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail or carried or delivered by any mail carrier, mail messenger, route agent, letter carrier or other person employed in any department of the postal service, or forwarded through or delivered from any post office or branch post-office established by the authority of the Postmaster General, and which shall contain any note, etc. This is one of the offences set forth in that section. The other offence set forth in the same section does not in terms provide that the letter must have been intended to have been conveyed by mail or carried or delivered by any mail carrier, letter carrier, etc., but it provides that "any such person," (meaning thereby any person employed in any department of the postal service as described in the first part of the section,)

" who shall steal or take any of the things aforesaid out of any letter, packet, bag or mail of letters which shall have come into his possession, either in the regular course of his official duties or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor for not less than one year nor more than five years."

A test or " decoy " letter comes within the statute. *Goode v. United States*, 159 U. S. 663 ; *Montgomery v. United States*, 162 U. S. 410.

Although the section provides the same punishment for all the various acts set forth therein, yet the section itself clearly describes two different classes of offences. *United States v. Wight*, 38 Fed. Rep. 106. The proof would not show a violation of the first part of the section unless it appeared that the letter entrusted to the person employed in the postal service, or which came into his possession, was one which was intended to be conveyed by mail, or carried, or delivered, by ·a mail carrier, mail messenger, route agent, letter carrier or other person employed in any department of the postal service, or that it was forwarded through or delivered as stated in the section. Whether the proof here does not show that the letter in question was such a letter, it is not now necessary to say, because the judgment was arrested upon the first two counts covering that clause of the section. Although a motion in arrest of judgment cannot properly be made upon the ground that the evidence is insufficient to prove the case under the indictment, or under any particular count thereof, because such motion is confined· to matters appearing upon the face of the record itself, 1 Archbold Cr. Pr. & Pl. (7 Am. ed.) 671 and notes, yet, as the motion was entertained and judgment was actually arrested upon the first two counts, those counts are not now in question.

The other clause of the section provides for a distinct offence, and under that it is not necessary to aver that the letter was intended to be conveyed by mail or delivered by a letter carrier, etc., as provided in the first clause, and it covers the case of any person employed in any department of the postal

service who steals or takes any of the things, already described in the section, out of any letter, etc., which shall have come into his possession either in the regular course of his official duties or in any other manner whatever, provided the same shall not have been delivered to the party to whom it is directed. We think this is entirely plain. *United States* v. *Wight, supra.*

We think the indictment must show under this clause — and this third count does show — that the letter, the contents of which were stolen by the person employed in the postal service, was one which had come in some way or manner under the jurisdiction and into the possession of the Post Office Department; for the statute does not refer to letters in regard to which that department has not and was not intended to have any concern or any duty to perform, such as letters which have not been deposited or left in any manner in any post office or street letter box, or given to a carrier or other agent of the department, and which remain entirely outside of that department, and where the stealing of such letters or their contents at that time is not of Federal cognizance. The evidence shows that this letter was within the possession and jurisdiction of the department, in the branch post office in New York, and that while undelivered to the party to whom it was addressed, its contents were stolen by defendant, who was a person in the postal service. Such stealing comes within the statute. That it was a test or decoy letter is immaterial, as already shown. If the letter be within the lawful possession of the Post Office Department, the stealing of the contents of such letter by a postal employé is a violation of the latter part of the section of the statute. This letter was thus within the jurisdiction and possession of the Department, and the defendant then stole its contents.

It is urged, however, that the conviction cannot be sustained under this third count because it contains, in addition to the particular allegations necessary to bring the act within the latter part of the section, an allegation that the letter, the contents of which were stolen, was intended to be delivered by a letter carrier. This fact forms no part of the offence men-

tioned in the second clause of the section in question, and it was therefore unnecessary to allege it. As the third count does contain such an averment, the counsel for the defendant argues that it became necessary to prove the fact thus averred, and, as it was (he argues) unproved, the defendant should have been acquitted by direction of the court. The result of such a holding would be to say that where an indictment contained all the necessary averments to constitute an offence created by the statute, if an averment wholly unnecessary and entirely immaterial be added, the prosecution must fail unless it prove such unnecessary averment, although proving every fact constituting the offence provided by the statute. We are of opinion that it was not incumbent upon the prosecution to prove this averment in order to sustain a conviction under this count.

Without this averment the third count contains every fact necessary to be proved in order to constitute an offence under the second clause of the statute, and the evidence in the case is sufficient to authorize the defendant's conviction upon that count. The character of the offence, as provided by statute, is not changed by this unnecessary averment, nor is the sufficiency of the evidence to sustain a conviction under the third count at all impaired if it be assumed that it did not show that the letter was intended to be delivered by a letter carrier. This is unlike a case where an unnecessary amount of description of an article to be identified by the description is contained in the indictment. Under those circumstances, it has been sometimes held that the description must be proved as laid, because it went to the identification of the article described. Nor is it like the case of an indictment for perjury or one for a libel where the sworn statement alleged to be false or the article alleged to be libellous must be proved substantially as averred in the indictment. In such cases the matter set forth constitutes the offence and must be proved accordingly, But here, every necessary fact is averred and proof sufficient to sustain a conviction has been given in regard to each fact. Because the pleader unnecessarily made an averment of a totally immaterial fact, the Government was

not therefore bound to prove it in order to sustain a conviction. For this reason there was no fatal variance between the offence set forth in the indictment and the proof. *Montgomery* v. *United States* and *Goode* v. *United States, supra.*

The judgment of conviction must be

*Affirmed.*