## BYRAM v. UNITED STATES.

CRIMINAL LAW; EVIDENCE; DECOY LETTERS.

It makes no difference with respect to the duty of a letter carrier in the employment of the United States, when a letter comes into his hands in the course of his official employment, whether it be genuine, or a decoy letter, or have a fictitious address, or whether it bears the pretended postmark of a fictitious postoffice. The opening, detention, destruction, or the embezzlement of the contents of either kind of letter is equally punishable.

No. 1528.    Submitted May 2, 1905.    Decided May 23, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon a verdict of guilty, in a prosecution of a former letter carrier for the embezzlement of a letter.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellant, J. Harry Byram, Jr., was a mail carrier employed in the postoffice of the city of Washington on or before November 19, 1902. He appeals from a conviction and sentence under an indictment which charged him, in three counts, with: (1) On that date unlawfully detaining and opening a letter

that came into his possession for carriage and delivery; (2) with secreting, embezzling, and destroying the same letter; (3) with stealing a certain one dollar bill enclosed therein.

The bill of exceptions reserved on the trial reads as follows:

"Be it remembered that on the trial of this cause, the United States, to maintain the issue joined on the plea of not guilty of the defendant, offered evidence tending to prove that the defendant was a letter carrier of the United States, delivering mail in the District of Columbia, and that the letter described in the indictment was written by an employee of the Postoffice Department, in the Postoffice Department building in Washington, in the presence of a fellow employee, and was addressed to Col. O. C. Sabin, in Washington, D. C., and was signed with a fictitious name, and that the letter was dated at Hutchinson, Kentucky, and placed with a marked dollar in an envelope stamped and addressed to Col. O. C. Sabin, in Washington, D. C., and that said letter was then postmarked Hutchinson, Kentucky, and was by the said employee, who had prepared it, delivered to the superintendent of delivery in the city postoffice at Washington, D. C., and by the latter given to the foreman of carriers employed in the postoffice at Washington D. C., and by the latter placed in one of the distributing boxes regularly used by carriers in the ordinary course of the delivery of United States mail, and so used by the defendant for the distribution of mail to be delivered by him, from which box the defendant was seen to take the letter as if to deliver the same; that said letter was not written by the person purporting to have signed the same, nor written in Hutchinson, Kentucky, nor sent by mail from there, and was postmarked as received in Washington, D. C., November 19, 1902, though it was not so received from Hutchinson, Kentucky; that said letter was not received by Colonel Sabin, to whom it was addressed, but was destroyed by the defendant and the marked dollar placed therein by said agent was, in the city of Washington, taken by the defendant from said letter while in his custody; that said letter was not deposited in Kentucky in the usual way for delivery in said city of Washington, and thereupon the government rested its case.

"Whereupon the defendant asked the court to instruct the jury that under these circumstances the said paper purporting to be a letter was not such a letter contemplated under sections 5467 and 5468, U. S. Comp. Stat. 1901, pp. 3691, 3692, of the Revised Statutes of the United States—intended to be conveyed by mail, and that the jury should acquit; which request was denied and the defendant then and there excepted."

Mr. *A. A. Lipscomb* and Mr. *G. C. Meigs* for the appellant.

Mr. *Morgan H. Beach,* United States Attorney for the District of Columbia, and Mr. *Charles A. Keigwin,* Assistant, for the United States.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The court did not err in refusing the requested instructions to the jury to acquit the defendant.    It is settled law that it makes no difference with respect to the duty of the carrier, when a letter comes into his possession in the course of his official employment, whether it be genuine or a decoy, or have a fictitious address.    The opening, detention, destruction, or the embezzlement of the contents of either kind of letter is equally punishable.    *Goode* v. *United States,* 159 U. S. 663, 671, 40 L. ed. 297, 301, 16 Sup. Ct. Rep. 136; *Hall* v. *United States,* 168 U. S. 632, 637, 42 L. ed. 607, 609, 18 Sup. Ct. Rep. 237; *Scott* v. *United States,* 172 U. S. 343, 347, 43 L. ed. 471, 473, 19 Sup. Ct. Rep. 209.

Conceding this general rule in respect of decoy letters with or without fictitious addresses, that have been deposited in the mail for the sole purpose of attempting the detection of suspected criminality, it is contended, on behalf of the appellant, that the letter in this case constitutes an exception, because it bears the pretended postmark of a fictitious postoffice.

It does not appear from the facts recited that there was no such postoffice as "Hutchinson, Kentucky."    But assuming that

such is the case in fact, and that we may take judicial notice of it, we fail to see any merit in the contention. The letter came into appellant's possession in the course of his official employment, and it was none the less his duty to deliver it, because, in addition to being a decoy letter prepared in the same office, it bore the pretended postmark of a fictitious postoffice.

The judgment must be affirmed; and it is so ordered.

*Affirmed.*