## SCONYERS v. UNITED STATES.
### No. 6384.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1931.

Rehearing Denied Jan. 19, 1932.

J. Forrest McCutcheon, of Fort Worth, Tex., for appellant.

John D. Hartman, U. S. Atty., of San Antonio, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted on several counts of an indictment which charged him with having mailed a number of letters for the purpose of executing a scheme to obtain money by means of false and fraudulent pretenses and representations, in violation of 18 USCA § 338. He assigns as error: First, the trial court's overruling his motion to quash the indictment; and, secondly, its refusal to charge the jury not to consider the fact that he had been indicted as any evidence of guilt.

The indictment, though it is inartificially drawn, sufficiently charges a scheme to sell interests in five separate tracts of land, which it was falsely and fraudulently represented contained oil and gas. In assigning the falsity and fraud it was alleged

that appellant was knowingly conducting dishonest and fraudulent selling schemes and campaigns. None of the letters alleged to have been sent through the mail referred to all the tracts of land, but the allegation in this respect was that each letter was mailed for the purpose of executing a single scheme.

The ground of the motion to quash was that each count thereof was duplicitous in that it alleged several schemes to defraud. The sufficiency of an indictment should be tested in the federal courts by demurrer; for, strictly speaking, a motion to quash is within the discretion of the trial court, and is not subject to review on appeal. Gay v. United States (C. C. A.) 12 F.(2d) 433, and cases there cited. However, treating the motion because of the point it raises as a demurrer, we do not think it was error to overrule it. It is apparent that one person may devise a single scheme to defraud which he intends to perpetrate by several false and fraudulent representations, just as a number of persons may form a conspiracy to commit several offenses. A letter may be used for the purpose of executing a scheme to dispose of several tracts of land, although it refers only to one of such tracts; for the advancement of any part necessarily aids in the execution of the entire scheme. What appellant really complains of is a possible variance between the indictment and the proof; but such variance, if any existed, is not shown and could not in any event be taken advantage of by demurrer to the indictment.

The court charged the jury that the burden was upon the government to prove the offense alleged in each count beyond any reasonable doubt by the testimony, and until that was done appellant must be presumed to be innocent. In view of this charge we are not convinced that it was error to refuse to instruct the jury also as requested not to consider the fact that appellant was indicted as evidence of guilt. The jury as reasonable men must have understood the court's instructions that they must look only to the evidence for proof of guilt. The case is argued by appellant's counsel as though the court refused to charge that the indictment itself was no evidence of guilt; but that argument is not supported by the record, and undertakes to present a question that is not now before us for consideration.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.