## LECHE v. UNITED STATES.
### No. 9578.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1941.

Rehearing Denied May 9, 1941.

Martin W. Littleton, of New York City, and St. Clair Adams, of New Orleans, La., for appellant.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., Louis B. Schwartz, Sr., Atty., Dept. of Justice, and Harold Rosenwald, Sp. Asst. to Atty. Gen., Alfred B. Teton, Associate Atty., Dept. of Justice, and O. John Rogge, Asst. Atty. Gen., all of Washington, D. C., and Robert Weinstein, Asst. U. S. Atty., of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Upon a trial by jury, appellant was found guilty of using the mails to defraud as charged in an indictment containing three counts. Pleas of guilty to the indictment were entered by J. P. Abernathy and George Younger, jointly indicted with appellant. For a full, detailed, and accurate statement of the allegations of each count, see the opinion of the court below in this case, which is reported in 34 Fed.Supp. 982. From a judgment upon the verdict, this appeal was taken.

No error was committed in overruling the demurrer to the indictment. The scheme to defraud, alleged and proven, had to do with the purchase by the State of Louisiana of hundreds of motor trucks for use by its highway department. The trucks were to be paid for by the Louisiana Highway Commission out of the proceeds of an authorized bond issue of one-half million dollars. Appellant was the Governor of the State, and a member of the State Advisory Board, connected with the Highway Commission; Abernathy was Chairman of the Highway Commission; Younger was the dealer who sold the trucks.

The scheme was to buy the trucks, without competitive bidding, at exorbitant prices from persons who would rebate large sums to be distributed for the use and benefit of the appellant and others. The mails were used in furtherance of the scheme. One letter was registered, which enabled it to be traced minutely all the way from sender to sendee. Two purchases were made of a total of 233 trucks and equipment for the sum of $397,332.05. This price included sales taxes in the total sum of $6,139.11, most of which had not been

paid over to the state at the time of the trial. The rebate amounted to over one hundred thousand dollars, of which $31,000 was paid to appellant in cash.

The indictment was not duplicitous, although the scheme contemplated two purchases and extended over a long period of time. Sconyers v. United States, 5 Cir., 54 F.2d 68. The gist of the offense is the use of the mails, and the scheme to defraud need not be set forth with such precision as if it were the gist of the offense. Whitehead v. United States, 5 Cir., 245 F. 385, 388; Lee v. United States, 5 Cir., 91 F.2d 326, 329; Hart v. United States, 5 Cir., 112 F.2d 128 certiorari denied 61 S.Ct. 60, 85 L.Ed. ——.

The indictment contained an allegation that a further part of the scheme was that the defendants would fail and refuse to comply with the laws of the State of Louisiana requiring all political subdivisions of the state to advertise for bids before the purchase of materials or supplies in excess of five hundred dollars. The district court instructed the jury that it was doubtful whether the state law required the defendants to advertise for bids, and to disregard that question, since, without the statute, there still remained the duty to exercise business prudence. We think the court committed no error in this respect, because the averment as to the requirement under the state law was wholly immaterial and unnecessary. Eliminating a consideration by the jury of all reference to the state statute, the scheme not to require competitive bids remained; and even if all reference to the matter of requiring competitive bids were eliminated, the indictment continued to charge a fraudulent scheme and the use of the mails in furtherance thereof. Hall v. United States, 168 U.S. 632, 18 S.Ct. 237, 42 L.Ed. 607; Lee v. United States, 5 Cir., 91 F.2d 326, 329.

As to the witness Abernathy being called in rebuttal and his cross-examination being restricted to matters covered in the direct examination, there was no abuse of discretion and no error committed by the trial court. Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343. Other errors assigned are deemed to be not sufficiently meritorious to require special mention.

There was substantial evidence to support the verdict of the jury; the record contains no reversible error; and the judgment appealed from is affirmed.