## CUMMINGS v. UNITED STATES.

### No. 10277.

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1942.

Richard V. Evans, Jr., of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Jack H. McGuire, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Cecil Cummings was tried and convicted under an indictment charging him with failure to keep in touch with and report his change of address to his local draft board in violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq., § 311.

The facts are without dispute: On October 16, 1940, Cummings registered in accordance with the provisions of the Selective Training and Service Act. At the time of registration he was incarcerated in the Birmingham, Alabama, City Jail. December 23, 1940, Cummings returned his questionnaire to the board, giving the address to which he had moved after his release from jail. Subsequently, he resided part time at his brother's home, and when arrested on March 20, 1941, he was living with his parents at another address. He failed to notify the local board of the change of addresses. Selective Service officials testified that they had been unable to contact Cummings. The arresting officers testified that they had difficulty locating him; that when inquiry was made at his parent's home they were told that he was not there; but that they entered the house and found the defendant and arrested him. All witnesses testified that the defendant was a white man.

At the conclusion of the government's case, the defendant moved for a directed verdict on the ground that the indictment alleged that defendant was a "colored male person", whereas the evidence conclusively proved that he was a white person. Appellant contends that the court erred in overruling this motion.

The Selective Training and Service Act of 1940 is by its terms applicable to every male citizen of the United States without distinction as to race or color. 50 U.S.C.A. § 302. The averment in the indictment that Cummings was "colored" was wholly immaterial to the charge against him, and its inadvertent use merely constituted unnecessary and immaterial surplusage. Moreover, it clearly appears that use of the word "colored" did not result in prejudice to the substantial rights of the defendant. It is clear that Cummings was adequately informed of the charge against him, and it was conclusively established that he was the identical person charged in the indictment with violation of the act. The court did not err in refusing to direct a verdict for the defendant. Hall v. United States, 168 U.S. 632, 18 S.Ct. 237, 42 L.Ed. 607; Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71

L.Ed. 793; Mulligan v. United States, 8 Cir., 120 F. 98, 99; Benton v. United States, 4 Cir., 28 F.2d 695. Also see 18 U. S.C.A. § 556 which provides: "No indictment * * * shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant * * *." United States v. Fawcett, 3 Cir., 115 F.2d 764, 767, 132 A.L.R. 404.

The charge of the court fully and fairly presented the issues and law of the case to the jury.

The judgment is affirmed.