UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert Baxter THOMAS, Defendant-Appellant.

No. 14841.

United States Court of Appeals
Sixth Circuit.

June 15, 1962.

Alfred W. Taylor, Johnson City, Tenn., for defendant-appellant, Thomas E. Mitchell, Johnson City, Tenn., on the brief. Cox, Epps, Powell & Weller, Johnson City, Tenn., of counsel.

Ottis B. Meredith, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee, J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief.

562

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant, who was Postmaster at Mountain Home, Tennessee, was found guilty by a jury under a two-count indictment which charged him with the violation of Section 1709, Title 18 United States Code, making it an offense for a postmaster to steal, abstract or remove from a letter, which comes into his possession for the purpose of being conveyed by mail, any article or thing contained therein. Each count dealt with a decoy letter mailed by a postal inspector which contained marked money and which carried on the envelope an assumed or fictitious return name and address. He received a sentence of one year on each of the two counts, the sentences to run concurrently.

■ Appellant contends that the first count of the indictment does not state an offense. He points out that it charges that the appellant "stole, abstracted, and removed a letter bearing a 7-cent United States air mail stamp, * * *, the sum of $9.37 in currency and coin * * *", instead of charging that the appellant "stole, abstracted, and removed *from* a letter * * * the sum of $9.37 in currency and coin * * *", as provided by the statute. It is obvious that the word "from" was inadvertently omitted in the first count of the indictment. However, since the appellant received equal concurring sentences under both counts of the indictment, the judgment must be affirmed if a valid sentence was imposed under the second count of the indictment. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Davis v. United States, 269 F.2d 357, 363, C.A.6th, cert. denied, 361 U.S. 919, 80 S.Ct. 256, 4 L.Ed.2d 187; Stanley v. United States, 245 F.2d 427, 435, C.A.6th; Strauch v. United States, 223 F.2d 377, 378, C.A.6th, cert. denied, 350 U.S. 836, 76 S.Ct. 73, 100 L.Ed. 746; Singer v. United States, 208 F.2d 477, 480, C.A.6th.

Accordingly, we consider the second count of the indictment, which charges that appellant "stole, abstracted, and removed from a letter bearing a 4-cent United States postage stamp, addressed to * * *, and bearing return address Harper Joiner, Building No. 2, Mountain Home, Tennessee, the sum of $10.40 in currency and coin, which had been forwarded through a post office, entrusted to him, and came into his possession for the purpose of being conveyed by mail, * * *."

Appellant contends that the evidence on this count of the indictment was insufficient to take the case to the jury. The evidence was entirely circumstantial. No one saw appellant commit the offense charged. The Government's evidence was that $10.40 in marked money was placed by the agent in the decoy letter, which was dropped in the mail box and that when the appellant was searched the following day there was found on his person $5.40 of this marked money and the remaining $5.00 was found in his official funds. Appellant testified that for the purpose of changing a twenty dollar bill of his own money he placed the bill in his official funds and withdrew some one dollar bills and some change and that if the marked money was in his official drawer it was placed there by some one else without his knowledge or consent.

■■ Appellant contends that where the Government's evidence is circumstantial, as in this case, it must be such as to exclude every reasonable hypothesis other than that of guilt. Although there is considerable support for such a rule with respect to circumstantial evidence, it is not the rule approved by the Supreme Court. In Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150, the Supreme Court ruled that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. In accordance with that ruling, this Court has held that it is not necessary that circumstantial evidence be such as would

remove every reasonable hypothesis except that of guilt. United States v. Young, 291 F.2d 389, C.A.6th.

Circumstantial evidence, if strong enough to convince a jury of defendant's guilt beyond a reasonable doubt, is sufficient to take a case to the jury and sustain a verdict. United States v. Comer, 288 F.2d 174, C.A.6th, cert. denied, 366 U.S. 925, 81 S.Ct. 1351, 6 L.Ed.2d 384; United States v. Baxter, 289 F.2d 487, C.A.6th; United States v. Leggett, 292 F.2d 423, 427, C.A.6th. We are of the opinion that the evidence was sufficient to take the case to the jury and to support the verdict.

██ Appellant also contends that the postal inspectors by using a fictitious or assumed name for purposes of a return address violated Section 1342, Title 18 United States Code, and thereby made incompetent the evidence obtained thereby. We find no merit in this contention. Section 1342 makes illegal the use of a fictitious or assumed name for the purpose of carrying out a scheme or device to defraud by use of the mail, as proscribed by Section 1341, Title 18 United States Code. The use of the assumed name was not for that purpose. In Hall v. United States, 168 U.S. 632, 638, 18 S.Ct. 237, 42 L.Ed. 607, the Supreme Court held that the fact that a letter used by the Government agent in establishing the offense was a test or decoy letter was immaterial. Appellant attempts to distinguish this case by pointing out that that case was decided on January 3, 1898, which was prior to the enactment of Section 1342, Title 18 United States Code. However, Section 1342 is derived from Chapter 393, Section 2, 25 Statutes at Large 873, which was enacted on March 2, 1889, which was prior to the decision in the Hall case. In Olmstead v. United States, 277 U.S. 438, 467–468, 48 S.Ct. 564, 72 L.Ed. 944, it was held that the common law rule is that the admissibility of evidence is not affected by the illegality of the means by which it was obtained, and that in the absence of Congressional enactment, the courts do not have a discretion to exclude evidence, the admission of which is not unconstitutional, because it has been unethically secured. See also: Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; Wellman v. United States, 227 F.2d 757, 770, C.A.6th, judgment vacated on other grounds, 354 U.S. 931, 77 S.Ct. 1403, 1 L.Ed.2d 1535.

The judgment is affirmed.