**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK RANDALL TAYLOR,

        Petitioner-Appellant,

    v.

JUSTIN JONES, Director, Department
of Corrections,

        Respondent-Appellee.

No.08-6075

(W.D. of Okla.)

(D.C. No. CV-07-1059-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Mark Randall Taylor seeks a certificate of appealability (COA) to challenge

the district court's denial of habeas corpus relief under 28 U.S.C. § 2254.

Proceeding pro se,[1] Taylor alleges there was a fatal variance between the First

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Taylor proceeds *pro se*, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Amended Information charging him with possessing precursors for manufacturing methamphetamine and the proof adduced at trial.

We conclude Taylor is not entitled to relief under § 2254 and therefore DENY his request for a COA.

## I.  Background

Taylor was arrested early in the morning when an officer spotted him crouched by an anhydrous ammonia tank at a local co-op gin, requiring a seven-mile car chase before the officer could catch him.  After Taylor's arrest, the officer made an inventory of items in Taylor's car.  In the trunk the officer found a jar filled with a white powdery substance, what appeared to be a lithium battery strip, a can of starter fluid, and a glass jar filled with coffee filters.

Another officer returned to the farm tank and found a small propane tank hooked up by a hose to one of the anhydrous ammonia tanks.  Although the propane tank was empty, it appeared that Taylor had not yet opened the valves of the ammonia tank before he was discovered.

Taylor was charged in the First Amended Information with possession of three precursors to manufacture illegal narcotics:

> Possession of Precursors with Intent to Manufacture a CDS, AFCF, a felony, on or about the 21st day of January, 2005, by knowingly possessing lithium, ephedrine and anhydrous ammonia, which is defined as a substance used in the production of a controlled dangerous substance. . .

R., Doc. 10, Ex. 5 (citing Okla. Stat. tit. 63, § 2-401(G)(1)). At a preliminary hearing, the district court noted that Taylor did not actually possess the anhydrous ammonia, as indicated in the Information. However, the judge also stated Taylor possessed a glass jar with 9.5 grams of pseudoephedrine, which is more than the nine grams required by Oklahoma law to create a presumption of possession of the precursor with intent to manufacture methamphetamine. Okla. Stat. tit. 63, § 2-332(B) (creating rebuttable presumption that possession of more than nine grams of pseudoephedrine is with intent to produce methamphetamine). Taylor was bound over for trial on a charge of possession of precursors with intent to manufacture an illegal substance.

At trial, a chemist testified that the glass jar found in Taylor's trunk contained 9.5 grams of pseudoephedrine, a substance found in common cold medication, which is used to manufacture methamphetamine. After the evidence was in, the state court instructed the jury that Taylor need possess only one precursor to be found guilty.

Taylor was convicted of one count by an Oklahoma state court for possessing precursors with intent to manufacture methamphetamine after four former felony convictions. He was sentenced to 60 years imprisonment and fined $50,000. On appeal, the OCCA affirmed Taylor's conviction, and Taylor subsequently sought habeas relief in federal court.

Taylor's sole claim for federal habeas relief is that the fatal variance between the First Amended Information (possession of three precursors, including anhydrous ammonia) and the proof at trial (possession of one precursor, pseudoephedrine) deprived him of his Sixth Amendment right of fair notice of the charges against them.

## II. Discussion

To obtain a COA, Taylor must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Taylor must show the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To satisfy this standard, Taylor "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

*Number of precursors required*

Taylor claims the state did not prove at trial that he possessed three precursors for the manufacture of methamphetamine as reflected in the First Amended Information, and thus there was a fatal variance between the information—listing three precursors—and the proof at trial of only one precursor. Relatedly, Taylor claims the judge should have instructed the jury that conviction for possession of precursors required three or more precursors to be found, again showing an alleged fatal variance between the charged information and the ultimate conviction. No party disputes that the state only proved possession of the pseudoephedrine at trial, and not the ammonia or lithium ion battery strip. As the evidence reflects, Taylor's small propane tank had no ammonia in it at the time he was arrested, and the state's expert who testified that the white powder found in Taylor's truck was pseudoephedrine also testified that he did not test the material suspected of being a lithium ion battery strip.

The problem with Taylor's claim is that the Oklahoma statute in effect at the time of his arrest only required possession of *one* precursor, not three or more, and the state court therefore properly instructed the jury. *Compare* Okla. Stat. tit. 63, § 2-401(G) (2004) *with* Okla. Unif. Jury Ins. CR 6-3A (2005 Supp.). Thus, while the information charged Taylor with possession of three precursors—pseudoephedrine, ammonia, and lithium battery strips—the statute only required possession of one precursor substance for Taylor to be convicted.

-5-

*See* Okla. Stat. tit. 63, § 2-401(G). The jury instruction which required only one precursor to be proven, not three or more as Taylor argues should have been proven, was consistent with Oklahoma law, and indeed was based on the correct model instruction.

We are bound by the Oklahoma state courts' interpretation of the Oklahoma state statute at issue as requiring only one precursor, not three, for conviction. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted); *see also Gonzales v. Tafoya*, 515 F.3d 1097, 1126–27 (10th Cir. 2008) ("In conducting our inquiry, we defer to the state court's interpretations of state law."); *Hatch v. Oklahoma*, 58 F.3d 1447, 1464 n.11 (10th Cir. 1995) ("Even if petitioner were to challenge this construction of [the statute] directly, we would have to defer to the Oklahoma court's construction of a state statute.") (citations omitted). Accordingly, we will not upset the Oklahoma court's interpretation of the state statute.

*Variance between Information and trial proof*

Taylor also claims this variance between the information and the evidence at trial violated his federal constitutional rights. Under the Sixth Amendment "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation" U.S. Const. amend. VI. Therefore a "court cannot permit a defendant to be tried on charges that are not

made in the indictment." *Stirone v. United States*, 361 U.S. 212, 217 (1960).[2]

However, not all variances between the information and the conviction are fatal.

When variances do not change the nature of the conviction, they are "simple variances" subject to harmless error analysis. *Hunter v. New Mexico*, 916 F.2d 595, 598–99 (10th Cir. 1990). The Supreme Court has long held the government need not prove facts in the indictment or information which are unnecessary or immaterial to the proof of conviction. *See, e.g.*, *Hall v. United States*, 168 U.S. 632, 639–40 (1898). Where a simple variance exists, "[c]onvictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment." *United States v. Miller*, 471 U.S. 130, 136 (1985). Accordingly, a "part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" *Id.* at 137 (quoting *Ford v. United States*, 273 U.S. 593, 602 (1927)).

As the Supreme Court long ago explained, "[t]he true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused." *Berger v. United States*, 295 U.S. 78, 82 (1935) (citation omitted); *see also Hunter*, 916 F.2d at 598. The accused has two primary rights which are protected: "(1) [] the accused

_____

[2] Because Taylor's conviction was in state court, and initiated by an Information, rather than a grand jury, the Fifth Amendment right to a grand jury that protects against variances does not apply. *See Stirone*, 361 U.S. at 215–16.

shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial and (2) that he may be protected against another prosecution for the same offense." *Berger*, 295 U.S. at 82.

We conclude that the OCCA's decision to reject Taylor's claim was neither contrary to nor an unreasonable application of federal law. First, Taylor was informed of the charges against him—the Information specifically listed his possession of pseudoephedrine with intent to manufacture methamphetamine. The state district court judge bound Taylor over for trial only on the basis of the pseudoephedrine possession, putting Taylor on clear notice that he was not being tried on the other two precursors—ammonia and lithium battery strips. The simple inclusion in the Information of two other potential precursors did not prejudice Taylor. He was able to present a defense, and we find no credible claim of surprise at trial of the evidence offered. Second, we see no double-jeopardy concern, and Taylor waived any argument of double jeopardy by not raising it below. Even if we were to consider it under plain error review, we could not conclude that the result would violate Taylor's substantial rights.

After reviewing the entire record, we agree with the Magistrate Judge's recommendation, as adopted by the district court, that Taylor has not shown any prejudice from this difference in the Information and the proof at trial and therefore cannot obtain habeas relief.

### III.  Conclusion

Accordingly, we DENY the application for COA.  We also DENY the motion to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge