**Robert Roy PETERS, Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 7946.**

United States Court of Appeals Tenth Circuit.

Feb. 4, 1965.

Rehearing Denied March 5, 1965.

William M. Pade, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Earl E. Hartley, Atty. Gen., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The question presented in this habeas corpus appeal is whether the Supreme Court of New Mexico denied appellant's constitutional rights by refusing and failing to appoint counsel to assist him in taking an appeal in a criminal case from that court to the Supreme Court of the United States. We hold that there has been no denial of constitutional rights under the circumstances of this case.

It is, of course, the law that the due process clause of the Fourteenth Amendment to the Constitution requires the appointment of counsel to represent an indigent defendant in a state criminal trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Hickock v. Crouse, 10 Cir., 334 F.2d 95. It is also the law that under the due process and equal protection clauses of the Fourteenth Amendment, an indigent defendant has a right to appointed counsel on the appeal of a state criminal conviction. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. But, we have been cited to no authority requiring, or even permitting, a state supreme court to appoint counsel for an indigent defendant to represent him on his appeal to the Supreme Court of the United States. Our own research has revealed none. The judgment below is therefore affirmed.