977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Respondent-Appellee,
v.
Floyd MUNOZ, Petitioner-Appellant.
 No. 91-1431.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from the district court's denial of habeas corpus relief. In 1989, the appellant was convicted of several cocaine charges and the use of a firearm during the commission of a drug trafficking offense. The United States District Court for the District of Colorado sentenced him to sixty-three months imprisonment on the drug counts, and sixty months imprisonment, to be served consecutively, on the firearm count. This Court affirmed the appellant's conviction in United States v. Munoz, No. 89-1384 (10th Cir.1990). The appellant collaterally attacks his conviction, pursuant to 28 U.S.C. § 2255, charging that he was denied effective assistance of counsel in violation of the Sixth Amendment. We disagree.
 
 
 2
 A defendant's Sixth Amendment right to counsel includes "the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). A defendant is denied the effective assistance of counsel when counsel's performance falls "below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694. In short, a defendant's Sixth Amendment right to counsel is violated when counsel's performance is both "deficient" and "prejudicial." United States v. Miller, 907 F.2d 994 (10th Cir.1990).
 
 
 3
 In this appeal, the appellant argues that his Sixth Amendment right to effective assistance of counsel was violated for five reasons. First, he asserts that he was denied effective assistance of counsel because his attorney did not attempt to suppress the gun seized from the appellant's apartment even though it was not listed on the search warrant. However, since the gun was seized in plain view, see, e.g., R. at 140, 154, there was no legal basis for a motion to suppress the gun. See, e.g., Arizona v. Hicks, 480 U.S. 321, 327 (1987) (police may seize evidence in plain view without a warrant). Consequently, counsel's failure to make such a motion was neither deficient nor prejudicial.
 
 
 4
 Second, the appellant asserts that he was denied effective assistance of counsel because his attorney failed to contest at trial whether the gun found in the appellant's apartment was loaded. Contrary to the appellant's assertion, however, the record indicates that counsel did question the police who searched the appellant's apartment about the discovery of the gun and its contents. See, e.g., R. at 139-142, 152-154, 203-205. Furthermore, even if counsel had failed to question the police about whether the gun was loaded, such an omission would not have prejudiced the appellant. A defendant may be convicted for using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c), whether or not the firearm is loaded. United States v. Coburn, 876 F.2d 372, 375 (5th Cir.1989); United States v. York, 830 F.2d 885, 891 (8th Cir.1987); United States v. Gonzalez, 800 F.2d 895, 899 (9th Cir.1986).
 
 
 5
 Third, the appellant asserts that he was denied effective assistance of counsel because his attorney failed to request a jury instruction relative to the voluntariness of the appellant's statements to the police. During a pretrial suppression hearing, however, the district court concluded that there was no evidence that the appellant's statements were involuntary. Thus, counsel's conduct did not prejudice the defendant because any request for an instruction on voluntariness would have been denied by the district court. See, e.g., United States v. Troutman, 814 F.2d 1428, 1451-52 (10th Cir.1987) (a court may refuse to give a jury instruction if there is no factual basis for the instruction).
 
 
 6
 Fourth, the appellant asserts that he was denied effective assistance of counsel because his attorney presented a frivolous claim on appeal. Even if counsel's conduct was deficient, however, the appellant has failed once again to demonstrate any prejudice from this conduct.
 
 
 7
 Finally, the appellant asserts that he was denied effective assistance of counsel because his attorney failed to file a petition for certiorari to the Supreme Court. The Sixth Amendment right to effective assistance of counsel, however, extends only to a defendant's first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Consequently, the appellant had no Sixth Amendment right to the assistance of counsel in filing for discretionary review by the Supreme Court. Peters v. Cox, 341 F.2d 575 (10th Cir.), cert. denied, 382 U.S. 863 (1965).[1]
 
 
 8
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record,this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant also hints in one sentence of his brief that he was denied effective assistance of counsel because his attorney "did not form his trial strategy by frequent consultations with the defendant." Br. of Appellant at 3. However, the appellant does not indicate the extent to which counsel failed to consult with him, nor does he show any specific prejudice as a result. Thus, the appellant's claim does not establish a violation of his right to effective assistance of counsel