FILED
United States Court of Appeals
Tenth Circuit

July 16, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALEJANDRO ZAMORA-
SOLORZANO,

     Defendant-Appellant.

No. 10-3069
(D.C. Nos. 2:09-CV-02576-JWL and
2:06-CR-20100-JWL-1)
(D. Kan.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Alejandro Zamora-Solorzano pled guilty to conspiracy to possess with intent

to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C.

§ 2, and using a firearm in furtherance of a drug trafficking felony in violation of

18 U.S.C. § 924(c). He was sentenced to 210 months imprisonment on the

methamphetamine charge and 60 months imprisonment on the firearms charge, to

run consecutively. This court affirmed his sentence on direct appeal. *United*

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States v. Zamora-Solorzano*, 528 F.3d 1247 (10th Cir. 2008) *cert. denied* 129 S. Ct. 522 (2008). Mr. Zamora-Solorzano now seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

* * *

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Zamora-Solorzano must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but, rather, "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Mr. Zamora-Solorzano is a *pro se* litigant, we construe his pleadings and other papers liberally. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). Before us, he seeks to press four claims: three alleging ineffective assistance of counsel and one alleging the district court erred by not permitting him to file a late reply to the government's briefing on his amended motion to vacate. Only three claims are properly before this court, however,

because in his amended motion to vacate before the district court, Mr. Zamora-Solorzano did not raise his claim for ineffective assistance of appellate counsel based on that counsel's alleged failure to challenge the district court's evaluation of Mr. Zamora-Solorzano as a leader for purposes of a sentencing enhancement. *See Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2005) (declining to consider arguments raised for the first time on appeal).

To establish ineffective assistance of counsel on the two claims Mr. Zamora-Solorzano did raise with the district court and wishes to pursue before us — that his trial counsel gave insufficient or incorrect advice at the pleading stage and that his appellate counsel erred in not pursuing an argument based on *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008) — Mr. Zamora-Solorzano must show two things: (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Our review is "highly deferential" and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In its thorough opinion, the district court applied *Strickland* and rejected both of the ineffective assistance of counsel claims Mr. Zamora-Solorzano seeks to pursue before us, explaining that he failed to establish specifically how his

counsel's performance was deficient and also how he was prejudiced. After reviewing the record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition of these claims. Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Zamora-Solorzano's application for a COA to pursue these two claims.[1]

Mr. Zamora-Solorzano's only remaining argument before us, then, is that the district court erred when it denied his request to file a late reply brief in support of his amended motion to vacate, after the district court had already ruled on the motion. The district court properly treated Mr. Zamora-Solorzano's request as a motion for reconsideration, and denied it on the basis that he did not show either (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Discerning no error in this disposition we deny COA on this final argument as well.

---

[1] To the extent that Mr. Zamora-Solorzano's application before us seeks to fault counsel for failing to pursue a *Whitley* argument in a petition for certiorari, rather than on direct appeal, that argument fails for the distinct reason that the Sixth Amendment does not provide a right to assistance of counsel in connection with a certiorari petition. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Peters v. Cox*, 341 F.2d 575, 575 (10th Cir. 1965); *United States v. Munoz*, 1992 WL 279787, at *2 (10th Cir. 1992) (unpublished).

Mr. Zamora-Solorzano's application for a COA is denied and we dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge