FILED
United States Court of Appeals
Tenth Circuit

August 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEWIS RICHARDSON,

        Petitioner - Appellant,

v.

PAM PLOUGHE, Warden, and JOHN
SUTHERS, Attorney General of the
State of Colorado,

        Respondents - Appellees.

No. 14-1126
(D.C. No. 1:12-CV-01828-REB)
(D. of Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Lewis Richardson, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) to challenge (1) the denial of his motion pursuant to Federal

Rule of Civil Procedure 59(e), requesting that the district court reconsider its

decision dismissing his petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, and (2) the district court's denial of habeas relief in the first instance.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We have jurisdiction under 28 U.S.C. §§ 2253(a) and 1291, and we construe Richardson's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Because the district court correctly disposed of Richardson's petition, we DENY the application for a COA and DISMISS this appeal. To the extent that Richardson seeks authorization to file a second or successive habeas petition, we DENY that request.

## I. Background

In 2004, Richardson was found guilty of numerous offenses largely related to his persistent harassment of a former friend. Of particular relevance to the request for a COA was his conviction for stalking under subsections of Colorado Revised Statute § 18-9-111 (2007) (the "Colorado Stalking Statute") in effect at the time of his prosecution. Those charges were based on Richardson's *pro se* filing of thirteen harassing lawsuits against the victim.

After a direct appeal, a motion for sentence reconsideration, and efforts at post-conviction relief in state court left Richardson's judgment and sentence undisturbed, Richardson timely initiated federal habeas proceedings in July 2012, raising numerous grounds for relief. On the first pass, the district court dismissed many of these claims as procedurally defaulted because Richardson had not exhausted those claims by sufficiently presenting them in state court. The district court also dismissed other claims that presented pure issues of state law. After

further briefing on the remaining claims, the district court denied habeas relief and declined to grant a COA. Richardson then filed a motion to alter or amend the judgment under Rule 59, which the district court denied on the merits. Richardson now appeals.[1]

## II. Discussion

We interpret Richardson's filing as an appeal of two distinct district court orders: (1) a February 4, 2014 order denying his request for a writ of habeas corpus, and (2) a February 20, 2014 order denying his motion under Rule 59. Properly construed, Richardson's challenge to the former is an application for a COA and his challenge to the latter is a successive request for habeas relief. We address each in sequence.

### A. COA Application

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(B). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Richardson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1] Applying the prison mailbox rule, as well as applicable tolling principles, we find Richardson's filing with this court constitutes a timely appeal of both the underlying habeas judgment and the denial of his Rule 59 motion. *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005).

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted).

Where a state court has decided a petitioner's claims on the merits, we are required to integrate "AEDPA's deferential treatment of state court decisions . . . into our consideration" of the COA request. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). To this end, Richardson must show that the state court's adjudication of a given claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Phillips v. Workman*, 604 F.3d 1202, 1209 (10th Cir. 2010) (referring to standard under 28 U.S.C. § 2254(d)(1), (2)).

Based on our review of the district court's decision, the record on appeal, and Richardson's brief, we detect three arguments as to why we should grant a COA and we address those arguments below. In making these arguments on appeal, Richardson presents both contentions initially raised in the district court and newly formulated theories. Since we will not consider arguments raised for the first time on appeal, *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir.

2002), we have parsed his briefing and do not attend to arguments not first addressed to the district court.[2]

### 1. Overbreadth

Richardson first contends that the Colorado Stalking Statute, Colo. Rev. Stat. § 18-9-111(4) *et seq.* (2007), is unconstitutionally overbroad as applied to him.[3] Described broadly, he argues that filing a legal complaint with the government, regardless of the filer's vexatiousness, is protected under the First Amendment's right to petition. *See* Aplt. Br. at 8. This First Amendment protection, Richardson tells us, is embedded in firmly established Supreme Court precedent such that the Colorado Stalking Statute, and the state court's interpretation of it, is unconstitutional. The Colorado Court of Appeals considered and rejected this claim on direct appeal. *People v. Richardson*, 181 P.3d 340, 345 (Colo. App. 2007).

Much of Richardson's argument hinges on his distinction between the terms "vexatious" and "baseless" (or "frivolous") that he borrows from the Supreme Court's antitrust jurisprudence. According to Richardson, vexatious lawsuits

---

[2] To be clear, we still construe Richardson's appeal liberally, but we decline to excuse him from obeying the "rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[3] In front of the district court, Richardson argued that the statute was also overbroad and vague on its face, but he has abandoned those arguments by not raising them in his application for a COA. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003).

*always* retain their First Amendment protection while baseless or frivolous lawsuits do not.  He concludes that because the thirteen lawsuits that he filed have only been labeled "vexatious," they are protected petitions, rendering the statute unconstitutionally overbroad under the circumstances—even when Richardson has conceded his bad faith in filing.  Richardson's illustrative case is *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60–61 (1993), where the Supreme Court found that a plaintiff's subjective bad faith in litigating does not erase First Amendment protections for filing an antitrust lawsuit so long as the lawsuit amounts to an objectively reasonable effort to litigate.  *Id.*  In that case, the Court held that "sham" litigation must, in the first instance, be objectively unreasonable in order to slide outside of the Petition Clause's reach.  *Id.* at 60.  Unfortunately for Richardson, an earlier Supreme Court decision, *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743–44 (1983)—which has not be overturned—appeared to define the scope of  "sham" litigation more broadly to include lawsuits filed merely for harassment purposes. *Id.* at 741, 743.

In view of our task on appeal, we turn down the opportunity to establish the precise circumstances under which a "sham" lawsuit falls outside the scope of the Petition Clause.  Stated basically, there is no clearly established federal law that preserves First Amendment protection for a vexatious litigant's repeated unreasonable complaints.  In fairness, and as we have just described, we read the

Supreme Court authority as somewhat unsettled as to the circumstances under which a lawsuit that is undisputably vexatious but only arguably baseless is deserving of First Amendment protection. *See generally BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 523–36 (2002) (describing the relationship between *Bill Johnson's* and *Professional Real Estate Investors*). But the element of doubt is enough to shield the state court's decision due to the deference owed under AEDPA—that is, reasonable jurists could not fairly debate the reasonableness of the Colorado Court of Appeals' decision to reject Richardson's constitutional challenges to the Colorado Stalking Statute. *See Dockins*, 374 F.3d at 940.

### 2. *Ineffective Assistance of Counsel*

In his second claim for relief, Richardson asserts that his state-court appellate counsel provided ineffective assistance by failing to request certiorari review in the Colorado Supreme Court on the issue of whether vexatiousness must be found by a trier of fact in order to establish a violation of the Colorado Stalking Statute. The Colorado Court of Appeals previously rejected this claim during Richardson's post-conviction proceedings in state court. *See* App. at 49–50.

A prisoner cannot generally bring ineffective-assistance-of-counsel claims alleging a failure to pursue an issue in a petition for certiorari. *United States v. Zamora-Solorzano*, 387 F. App'x 848, 850 n.1 (10th Cir. 2010). This tracks the Supreme Court's long-held rule that there is no right to counsel during

discretionary appeals.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also* Colo. App. R. 49 (indicating that granting certiorari is discretionary).  This alone is enough to dispose of Richardson's request for a COA on his ineffective-assistance-of-counsel claims.

The Colorado Supreme Court, however, appears to have recognized a right to counsel in seeking certiorari through the Colorado state courts.  *See People v. Valdez*, 789 P.2d 406, 408 (Colo. 1990) (en banc).  In this case, both the Colorado Court of Appeals and the district court assumed that Richardson was entitled to such a constitutional right.  We disagree with this interpretation of the scope of the right to counsel under the circumstances, but even assuming for the sake of argument that Richardson had a right to counsel for a certiorari petition to the Colorado Supreme Court, we reject his ineffective-assistance claim.

The scope of our review of ineffective-assistance-of-counsel claims during § 2254 cases is "doubly deferential."  *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  Not only do we "defer to the state court's determination that counsel's performance was not deficient," but we also "defer to the attorney's decision in how to best represent a client."  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009)).  We thus frame that question as "whether there is any reasonable argument that counsel satisfied [the] deferential standard" under *Strickland v.*

*Washington*, 466 U.S. 668 (1984). *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). If there is, the claim must fail.

*Strickland* governs ineffective-assistance-of-counsel claims and requires a showing (1) "that counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) "that the deficient performance prejudiced the defense," *id.* at 687. *See also United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (applying *Strickland* to assess effectiveness of appellate counsel).

We agree with both the state court and the district court that Richardson has not shown that his direct-appeal counsel was unconstitutionally ineffective. To demonstrate ineffectiveness in the failure to raise an issue during the appellate process, Richardson must show that the issue was meritorious. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). When it is meritless, "then counsel's failure to raise it does not amount to constitutionally ineffective assistance." *Id.* Richardson admits difficulty in articulating exactly what argument concerning "vexatiousness" would have convinced the state high court that a different result was warranted. And based on our review of the materials related to this COA application, we do not think such an argument exists.[4]

---

[4] The district court helpfully framed Richardson's argument as a simple question of whether the state court found vexatiousness sufficient to convict him under the stalking statute. While we have some trouble recognizing this argument in Richardson's filings, we agree with the district court's analysis as to why it

(continued...)

Accordingly, we cannot conclude that counsel's performance was obviously deficient or prejudicial in failing to seek Colorado Supreme Court review on the basis of this enigmatic argument or that the state court unreasonably applied *Strickland* in reaching the same conclusion. We deny a COA on this issue.

### 3. *Subject Matter Jurisdiction*

In his final argument, Richardson asserts that his indictment was constitutionally insufficient to provide adequate notice of the charges against him, thereby violating his constitutional rights. In particular, he contends that the indictment did not contain the specific facts necessary to show how he committed the offense of stalking. We interpret this as an argument that a variance between the crimes charged and the evidence presented rendered Richardson unable to prepare a proper defense in contravention of the Sixth Amendment. *See United States v. Carnagie*, 533 F.3d 1231, 1241 (10th Cir. 2008).

Federal courts, especially on collateral review, generally do not consider arguments about the deficiency of state charging procedures unless those deficiencies elevate to constitutional proportions. *Cf. Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999). That is not the case here. First, there is no dispute that, as the Colorado Court of Appeals described, the language from the

---

[4](...continued)
lacks merit. For the reasons expressed by the district court, this line of reasoning cannot sustain Richardson's ineffective-assistance claim in this § 2254 proceeding.

-10-

charging indictment competently restated the Colorado Stalking Statute. App. at 46–48. In addition, any "simple variance" between the *facts* in the indictment and those presented at trial did not prejudice Richardson's defense because he was put on notice of the stalking-related facts at the very latest during a preliminary hearing almost a year before his trial. *Hunter v. New Mexico*, 916 F.2d 595, 598 (10th Cir. 1990) (finding that "simple variances" are generally not cognizable on habeas review absent prejudice). At bottom, "[w]e are satisfied that [Richardson] was fairly apprised of the nature of the charge and of the facts alleged by the State to constitute the offense" so that his fundamental rights were not violated. *Johnson v. Turner*, 429 F.2d 1152, 1155 (10th Cir. 1970); *see also Taylor v. Jones*, 291 F. App'x 902, 906 (10th Cir. 2008). There can be no debate that the district court correctly rejected the petition on these grounds.

### B. Rule 59(e) Motion

Second or successive habeas petitions often masquerade as post-judgment motions for relief. *See Spitznas v. Boone*, 464 F.3d 1213, 1214–19 (10th Cir. 2006). Thus, when a Rule 59 motion reasserts a federal basis for relief from the underlying conviction, we disregard its title and subject it to AEDPA's limitations on subsequent requests to issue the habeas writ. *Cf. United States v. Pedraza*, 466 F.3d 932, 933–34 (10th Cir. 2006). These limitations divest the district court of jurisdiction to consider the merits of a subsequent "§ 2254 claim until this court

has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also* 28 U.S.C. § 2244(b)(3)(A).

As the district court fairly observed, Richardson's Rule 59 motion does nothing more than rehash the arguments made in his habeas petition. Thus, in essence, Richardson's motion is properly construed as an unauthorized successive habeas petition. Although the district court should have dismissed the motion for lack of jurisdiction rather than deny it on the merits, *see Spitznas*, 464 F.3d at 1217, we interpret Richardson's appeal of the denial of his motion to alter or amend the judgment as an application to file a second or successive habeas petition, *id.* at 1219. And having independently established that the claims from Richardson's Rule 59 motion are materially indistinguishable from those in his original habeas petition, AEDPA mandates that we dismiss. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

## III. Conclusion

Based on the reasons expressed above, we DENY Richardson's request for a COA and DISMISS this appeal. We also VACATE the district court's order on Richardson's Rule 59 motion because it constituted a second § 2254 petition and should have been transferred to this court. We therefore DENY Richardson's

request to file a second or successive habeas corpus petition.  We GRANT

Richardson's request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge