FILED
United States Court of Appeals
Tenth Circuit

August 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE EDWARD BOYD,

       Petitioner - Appellant,

v.

JIMMY MARTIN,

       Respondent - Appellee.

No. 17-6230
(D.C. No. 5:15-CV-01236-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

In 2008, Lee Edward Boyd was convicted by a jury in Oklahoma state court of one count of first degree rape, five counts of lewd molestation of a child under sixteen, and one count of indecent exposure. The victims were his nieces, V.B. and S.B., who were eight- and seven-years old, respectively, when the most recent acts of sexual misconduct occurred. He was sentenced to 50 years in prison. The Oklahoma Court of Criminal Appeals (OCCA) affirmed on direct appeal. His attempts to obtain post-conviction relief in state court were unsuccessful.

Boyd filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising various claims. He also sought to introduce newly discovered evidence which, he

claimed, established his actual innocence. That evidence included affidavits from (1) Raymond Boyd alleging the victims (his daughters) had lied at trial and (2) Frankie Boyd claiming the victims (his granddaughters) had told him about a male babysitter that had inappropriately touched them. He also submitted an affidavit and a notarized letter from V.B., one of the victims, recanting her trial testimony.[1]

The judge denied relief. Relevant here, he concluded Boyd could not allege a

---

[1] V.B.'s affidavit provided:

> The things I stated in court about Lee Edward Boyd was not true. As I became an adult I do not recall having any such memory of those things happening. I do not recall Lee Edward Boyd ever touching me improperly. I never had bad memories about my uncle.

(R. at 359.) Her notarized letter stated:

> To whom it may concern. Lee Boyd did not ever in any way touch me. There was another man I would like to not speak of that did them things to me. Being 18 now and able to speak without feeling scared I would like to let anyone know it was not him.

(*Id*. at 384.) As the judge aptly observed, V.B. "equivocates between alleging . . . that she testified falsely and . . . suggesting she cannot remember the events that were the basis for her testimony." (R. at 390.)

That observation highlights just one of the many problems with recantations. *See Case v. Hatch*, 731 F.3d 1015, 1041-42, 1044 (10th Cir. 2013) ("Recanting testimony has long been disfavored as the basis for a claim of innocence." We "look upon recantations with extreme suspicion" because they are "notoriously unreliable, easy to find but difficult to confirm or refute: witnesses forget, witnesses disappear, witnesses with personal motives change their stories many times, before and after trial." (quotation marks omitted)); *see also Dobbert v. Wainwright*, 468 U.S. 1231, 1233–34 (1984) (Brennan, J., dissenting from denial of certiorari review) ("Recantation testimony is properly viewed with great suspicion. It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction.").

free-standing claim of actual innocence because such claim "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *See Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Boyd timely moved to reconsider under Fed. R. Civ. P. 59 (Rule 59 motion). To that motion, he attached another affidavit from Frankie Boyd, this time claiming V.B. told him via text message that her allegations against Boyd were false and her sister, S.B., "is in it with me." (D. Ct. Doc. No. 40-1.) According to Boyd, this affidavit is further proof of his actual innocence. He also argued for the first time that the Oklahoma state court was without jurisdiction over his criminal case under the Major Crimes Act, 18 U.S.C. § 1153,[2] because he is a Native American (Cherokee) and the events occurred within "Indian country."[3] He relied on our recent decision in *Murphy v. Royal*, 875 F.3d

---

[2] 18 U.S.C. § 1153 provides:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A [sexual abuse], incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

[3] Boyd's crimes occurred in Red Rock, Noble County, Oklahoma. Because this claim is not properly before us, we do not address whether his crimes occurred "within Indian country." 18 U.S.C. § 1153. Moreover, while he alleges he is a Native American

896 (10th Cir. 2017) (concluding Congress had not disestablished the 1866 boundaries of the Creek Reservation and therefore Murphy should have been charged and tried in federal court under the Major Crimes Act because he was an Indian and his crime occurred within in Indian country), *cert. granted*, 138 S. Ct. 2026 (2018).

The judge denied the motion, concluding there was "no basis for changing [his] decision." (D. Ct. Doc. No. 42.) He also denied a certificate of appealability (COA) so Boyd renews his request for a COA here.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Boyd does not challenge the denial of his § 2254 petition other than to continue to claim his newly discovered evidence establishes his actual innocence. But, as the judge correctly decided, Boyd cannot allege a free-standing claim of actual innocence. *See Herrera*, 506 U.S. at 400, 404; *see also LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4

---

and that the crimes occurred within Indian country, he does not point to anything in the record or even attempt to provide any evidence supporting these allegations, which he was required to do.

(10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus."). Because that decision is not reasonably debatable and, in fact, correct, Boyd is not entitled to a COA on this claim.[4]

He also argues the judge erred in denying his Rule 59 motion. We agree that the judge erred in <u>denying</u> that motion; he should have <u>dismissed</u> it for lack of jurisdiction because the motion is an unauthorized second or successive § 2254 petition.

In his Rule 59 motion, Boyd sought to introduce new evidence in support of his previously denied actual innocence claim and to raise for the first time a claim that his convictions were void under the Major Crimes Act. It is not a "true" Rule 59 motion but rather a disguised second or successive § 2254 petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (a post-judgment motion is a second or successive habeas

---

[4] Boyd did not first present the newly discovered evidence to the state courts. He asked the district judge to stay his § 2254 proceedings to allow him to do so. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The judge denied the request because Boyd had not identified any new claim for federal habeas relief that would warrant allowing him to supplement his § 2254 petition with the newly discovered evidence (other than a freestanding actual innocence claim which is not a cognizable ground for habeas relief) and therefore no unexhausted claims were pending. We see no abuse of discretion and decline to issue a COA on this issue. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; "examples of [post-judgment] motions that should be treated as second or successive habeas petitions" include those asserting "a claim of constitutional error omitted from the movant's initial habeas petition" and those "seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied" (quotation marks omitted)).[5]  As such, absent our authorization, the judge was without jurisdiction to address it.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.").  We therefore vacate the order denying the Rule 59 motion and construe Boyd's COA application as a request to file a second or successive § 2254 petition.  *See Spitznas,* 464 F.3d at 1219 ("If . . . the district court has incorrectly treated a second or successive petition as a true [post-judgment] motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition.").

---

[5] Although *Spitznas* addressed motions to reconsider under Fed. R. Civ. P. 60(b), we have also applied it to Rule 59 motions.  *See United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006); *see also United States v. Moreno*, 655 F. App'x 708, 713 (10th Cir. 2016) (unpublished); *Richardson v. Ploughe*, 577 F. App'x 771, 777 (10th Cir. 2014) (unpublished).

In order to receive authorization to file a second § 2254 petition, an applicant must show the petition (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) is based on newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Boyd's petition satisfies neither prong.

His claim under the Major Crimes Act is not based on "*a new rule* of constitutional law made retroactive to cases on collateral review *by the Supreme Court*." *See* 28 U.S.C. § 2244(b)(2) (emphasis added). It is, instead, based on our decision in *Murphy*, where we applied existing Supreme Court precedent, *Solem v. Bartlett*, 465 U.S. 463 (1984), as "clearly established federal law" requiring habeas relief. *See Murphy*, 875 F.3d at 921-22. Moreover, Frankie Boyd's affidavit, even if it could be considered newly discovered evidence,[6] does not "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]." *See* 28 U.S.C. § 2244(b)(2). Not only is the affidavit based on inadmissible hearsay, it also addresses only the "charges against [Boyd] *from [V.B.]* that wasn't true." (D. Ct. Doc. No. 40-1 (emphasis added).) Only two counts of conviction—indecent exposure and lewd molestation of a child under sixteen—involved V.B.; those

---

[6] The affidavit is signed on October 25, 2017, yet refers to text messages dated December 15, 2017. If the affidavit meant to refer to text messages dated December 15, 2016, then Boyd has failed to explain why it took him over ten months to discover them.

counts resulted in a 10-year sentence. The remaining five counts of conviction, including first degree rape, involved S.B. and resulted in a 40-year sentence. S.B. has not recanted and the affidavit does not refute S.B.'s testimony.

We **DENY** a COA to the extent Boyd is challenging the denial of his § 2254 petition (his actual innocence claim). We **VACATE** the district court's order denying the Rule 59 motion because that motion was a second or successive § 2254 petition which the court was without jurisdiction to consider. We construe Boyd's COA application as a request for authorization to file a second or successive petition and **DENY** authorization.

The judge denied Boyd's request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*). Boyd renews his *ifp* request with this Court. Because we have reached the merits of his COA application, his renewed request to proceed on appeal without prepayment of fees is **DENIED AS MOOT**.

 

 

**Entered by the Court:**

 

 

**Terrence L. O'Brien**
United States Circuit Judge